## Triplett v. Bays et al.

(Decided June 9, 1936.)

JOHN M. THEOBALD for appellant.

DYSARD & TINSLEY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

In March, 1932, Mrs. Trin V. Triplett instituted this action against L. M. Bays seeking to quiet title to a tract of 40 acres of land on Little Fork in Carter county, Ky., alleging that she had the legal title to and was in possession of the tract which is fully described in the petition and that Bays was setting up a claim, hostile and adverse to her title.

The original answer consists merely of a traverse of the petition. By an amended answer it was alleged that in November, 1929, R. T. Kennard, as trustee in bankruptcy of Oscar Triplett, instituted an action in the United States District Court for the Eastern District of Kentucky against Oscar Triplett and Trin V. Triplett, his wife, to cancel and set aside a deed executed to her under date February 7, 1929, whereby he conveyed to her a number of parcels of real estate owned by him and to recover for the bankrupt estate such real estate, including the property described in plaintiff's petition; that Mrs. Triplett filed her separate answer but did not assert any claim, ownership, or title to or possession of any of the real estate described in the petition other than as grantee in the deed sought to be canceled; that decree was entered canceling the deed and holding same to be null and void and that such decree still remains and is in full force and effect; that by reason of her having failed to assert any claim of title to or possession of the real estate except as grantee in the deed sought to be set aside, she was thereafter estopped to claim the legal title to or possession of the land described in her petition. A certified copy of her answer and other pleadings and the final decree in the bankruptcy proceeding were filed with, as a part of, the amended answer. By order the allegations of the amended answer were traversed of record.

By amended petition plaintiff alleged that she was the owner of and entitled to legal possession of another tract of land in Carter county containing 70 acres more or less, which was fully described in the petition, which she purchased from J. M. Kitchen and wife by deed dated February 5, 1903, and that defendant was setting up claim thereto hostile and adverse to her title, and she asked that her title also be quieted as to this tract.

After evidence was heard orally, the chancellor rendered a written opinion which is found in the record and adjudged that plaintiff was the owner of 15 acres more or less, described in the judgment and being property conveyed to her by Orville Thompson and Ella Thompson, his wife, by deed dated January 18, 1926; and also a tract containing 23.6 acres described in the judgment, being a part of the property conveyed to her by J. M. Kitchen and wife by deed dated February 5, 1903; that her title to these tracts be quieted. It was further adjudged that she was not the owner of any real estate described in the original or amended petition except the tracts described in the judgment.

Kitchen-Whit & Co. filed an intervening petition in the action setting up a mortgage against the petitioner and her husband on the tract described in the amended petition.

It was adjudged that the intervening petitioner recover the amount of the notes secured by the mortgage and that his mortgage lien against the second tract referred to in the judgment be enforced. But since Kitchen-Whit & Co. have not been made a party to this appeal, it will not be necessary to consider that part of the judgment.

Mrs. Triplett is appealing as against Bays, and he by proper motion has been granted and is prosecuting a cross-appeal as against her.

As appears in the record and as is recited in the chancellor's opinion, Jessie Adams, a resident of Carter county, died some time prior to December 13, 1912, seized and possessed a tract of about 80 acres in that county. He was survived by a widow, Mattie Adams, a son, G. W. Adams, and a daughter, Laura Adams, who has married M. S. Duke, and another daughter who died without issue, having never married. On the latter date, G. W. Adams and wife, by a paper called a "title bond," contracted to convey to appellant a one-half interest in the Jessie Adams 80-acre tract; the last payment of the recited consideration having been made on December 13, 1916. G. W. Adams and wife executed and delivered to appellant a deed for the land referred to in the title bond, and the widow of Jessie Adams joined in the deed. Thereafter

and about March 23, 1917, Laura Duke and her husband signed and acknowledged this deed and it was thereupon put to record. As we understand the matter, G. W. Adams and Laura Adams Duke had agreed upon a division of the land which they inherited from their father but no deeds had passed between them. It is recited in the opinion and shown by evidence that on March 9, 1914, Laura Adams Duke and her husband and G. W. Adams and wife, together with Elizabeth Adams, executed a deed to A. A. Triplett for the entire 80 acres known as the Jessie Adams tract. This deed was recorded on March 26, 1917, the same day that the deed from the same parties to Mrs. Triplett was recorded. In October, 1921, Oscar Triplett and appellant conveyed a portion of this tract to Orville Thompson, and in making the deed referred to the deed from Duke et al. from Oscar Triplett as the source of title, and the chancellor concluded from this that they recognized that the title to the Jessie Adams land was in Oscar Triplett. By this deed they conveyed to Thompson 15 acres of the Adams tract. Thompson was unable to make the payments, and on January 19, 1926, he and his wife conveyed the land to Mrs. Triplett, and the chancellor concludes that under this deed she acquired the legal title to the 15 acres being the first tract referred to in the judgment. The 70-acre tract referred to in the amended petition was conveyed to appellant by J. M. Kitchen and wife in October, 1904, and thereafter she and her husband conveyed to W. N. Kouns a tract of land containing 100 acres which the chancellor states included all of the Kitchen land except a tract of 23.6 as shown by survey and plat produced in evidence and being the second tract described in the judgment. The survey referred to has not been made a part of nor does it appear in the record, nor are some of the records offered in evidence and referred to in the chancellor's opinion to be found in the record.

Unquestionably appellant acquired the legal title to the tracts described in the judgment in the way and manner indicated by the chancellor and was entitled to the relief granted with respect thereto unless the proceedings and decree in the bankruptcy suit referred to in appellee's amended answer operated as a bar and estoppel against her.

750

On the record as a whole it cannot be said that the chancellor's finding that appellant was not entitled to other and additional relief is not in accord with the evidence, and especially is this true in view of the presumption arising from documents and matter introduced in evidence but not appearing in the record.

Concerning the cross-appeal it may be said, without determining whether the pleaded bar and estoppel would be good if supported by evidence, that this plea was traversed of record and is not sustained by the evidence.

Wherefore the judgment is affirmed on both original and cross appeals.