## Triplett v. Bays.

March 25, 1941.

Theobald & Theobald for appellant.

Dysard & Dysard for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Trin V. Triplett brought this action against L. M. Bays, in 1939, to have sold a small tract of land which she alleged belonged jointly to her and Bays. The basis of her claim is that the land was conveyed to her and her husband, Oscar Triplett, jointly, in 1919. Bays answered, denying that Mrs. Triplett was the owner of a one-half interest in the tract of land in question. He set up the affirmative plea that the question had been litigated twice, or should have been so litigated; once in the United States District Court for the Eastern District of Kentucky and once in the Carter Circuit Court (the judgment of the latter court was affirmed by this Court in the case of Trin V. Triplett v. L. M. Bays, 264 Ky. 746, 95 S. W. (2d) 609). The lower court ruled in favor of Bays upon the theory that the question should have been determined in the action of Triplett v. Bays, supra. It is necessary that we review briefly the circumstances involved in this case.

Oscar Triplett filed an involuntary petition in bankruptcy, in 1929, in the United States District Court for the Eastern District of Kentucky. The trustee in bankruptcy brought an action against the Tripletts in which he charged, among other things, that Oscar Triplett, without consideration and with the intent to delay and defraud his creditors in the collection of their debts, conveyed to his wife, Trinvilla Triplett, nine tracts of land in 1927. The tract of land in question was involved in that transfer and was described in the petition of the trustee. Summons was served upon Mr. and Mrs. Triplett. Mrs. Triplett filed a separate answer in which she denied that the deed to her was fraudulent, or that it was the result of any conspiracy on the part of her husband to cheat his creditors. Mrs. Triplett set up no claim to an interest in the land in question by virtue of the aforementioned deed to her and her husband executed in 1919. The final decree in the United States District Court set aside the deed from Oscar Triplett to his wife on the ground that it was without consideration,

and it was made to cheat, hinder and delay his creditors. The tract of land in question was described in that decree. Reference is made in the appellant's brief to an alleged stipulation in the Federal Court wherein it was agreed that Mrs. Triplett was the owner of a one-half interest in the land in question, and also that the record before us shows that the Clerk of the Federal Court certified a copy of the stipulation along with other parts of the record, but that it was not presented by the appellee. Be that as it may, that stipulation is not here, and even if it were we would look to the final judgment of that Court rather than to a stipulation in the record. L. M. Bays bought the land from the trustee in bankruptcy. The deed from the trustee to Bays included the tract of land now in dispute. When Bays sought to take charge of the land under the deed from the trustee Mrs. Triplett set up a claim to a part of it. That dispute culminated in the case of Triplett v. Bays, supra. In that case Bays made claim to all the land under the deed executed to him by the trustee in bankruptcy. However, the litigation resulted in some 23 acres of land being awarded to Mrs. Triplett. Mrs. Triplett did not set up any claim to an interest in the tract of land now in dispute in that case by virtue of the deed to her and her husband executed in 1919.

We have indicated that the trial judge decided in favor of Bays in the action now before us, because it was his view that it was the duty of Mrs. Triplett to bring forward any claim that she had to the land in question in her first action against Bays. We deem it unnecessary to determine whether or not the reason given by the trial judge for his ruling is correct, since we are unalterably of the opinion that the judgment in the United States District Court is a bar to the claim which Mrs. Triplett is now attempting to assert. She was a party to that litigation wherein the deed from her husband to her, which included the tract of land under consideration, was attacked. When she made her separate answer she merely denied that the deed had been made fraudulently and without consideration. She set up no claim whatever to an interest in the tract of land by virtue of a deed executed to her and her husband in 1919. That question could have been and should have been concluded in that action, and that judgment is now a bar to the claim which she is attempting to assert. A

judgment rendered on the merits by a court having jurisdiction of the subject matter and the parties is conclusive of the rights of the parties and their privies in another suit on the points and matters in issue in the first—not only on the points upon which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject being litigated and which the parties by reasonable diligence might have brought forward. Revis v. Duff, 275 Ky. 626, 122 S. W. (2d) 518; Newhall v. Mahan, 245 Ky. 626, 54 S. W. (2d) 26.

It is our view, therefore, that the judgment should be and it is affirmed.