## Hays et al. v. Sturgill et al.

Feb. 15, 1946.

Joe Hobson for appellants.
Combs & Combs for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part, reversing in part.

The case raises questions of res adjudicata. Specifically, they are whether a judgment construing a deed with respect to the title it conveyed is a bar to a later action seeking (1) to have it annulled on the ground of mental incapacity and undue influence, and (2) to have an enforceable precatory trust declared.

The first suit was filed by all the heirs of Charles Sturgill, except one, against a gas company and a son who refused to join as plaintiff, alleging title under a certain deed executed by their father and charging trespass by the gas company. It was pleaded in an amended petition that the deed conveyed the fee to the grantor's wife, the plaintiffs' mother, and that they had inherited the land from her. The prayer was that plaintiffs be adjudged the title and for an injunction and accounting. Two of those named as plaintiffs, Beckham Sturgill and Pearl Sturgill, had their names stricken as such and they were then made defendants. Issues were joined by an answer and on a counterclaim in which title was asserted by Beckham and Pearl Sturgill. A demurrer was sustained to the petition and overruled to the answer and counterclaim. The petition was dismissed when the plaintiffs declined to plead further. The opinion affirming the judgment was confined to the sole question of construction of the instrument, which was very crude. We held it to be a deed and not a will and to convey the fee in remainder to Beckham and Pearl Sturgill. Hays v. Kentucky-West Virginia Gas Co., 290 Ky. 174, 160 S. W. 2d 376, 377.

Later the heirs, except the grantees and a grandchild, filed this action against the latter three, alleging, (1) that the deed was void because the grantor was of unsound mind and it had been executed through the undue influence of the two sons, and (2) in the alternative, that under the terms of the deed the grantees were required to pay the other heirs certain proportionate parts of the value of the property under the theory of an enforceable precatory trust. Among the defenses and counterclaims the defendants pleaded the foregoing suit and another in bar. The court in effect sustained the defense and held the action barred, and the plaintiffs appeal.

We dispose quickly of the question of res adjudicata relating to the other suit mentioned and without describing it because that suit had been dismissed without prejudice. The voluntary discontinuance of a case by the plaintiffs without qualification and that it shall be without prejudice, which usually means without prejudice to the right to bring another suit or take further proceeding, does not have the effect of an adjudication on the merits and will not bar another action on the same subject matter. It remains res integra. Magill v. Mercantile Trust Co., 81 Ky. 129, 4 Ky. Law Rep. 927, 929; Edinger v. Miller, 295 Ky. 287, 174 S. W. 2d 421. The general rule for determining a question res adjudicata embraces several conditions. The element primarily involved in this case is the question of identity of the two causes of action. The appellant denies identity and also claims that since the first case was decided upon demurrers, only the legal sufficiency of the facts pleaded was determined and not the merits of the case.

On the second point the rule is stated in Atkins' Guardian v. McCoy, 275 Ky. 117, 120 S. W. 2d 1019, 1020, to be: "A judgment on demurrer to a pleading is judicial determination of the legal sufficiency of the facts pleaded, and a final judgment on demurrer to a petition which goes to the merits renders the whole matter res judicata so far as the facts alleged are concerned, but is not a bar to another action where the facts are different and different questions of law are presented."

The demurrers in the first case did reach the merits of the issues, namely, the construction of the instrument. There is no question of a technical defect or legal insufficiency of the pleading to present the merits, so if it may be said that the issue of fact and issue of law were the same the point is not well taken.

As we have said, only the construction of the writing was involved in the first case. Specifically, the issues were as to the character of the instrument, the identity of the grantees, and the kind of title conveyed. As to whether those whom the court decided were granted the title took it subject to a trust in favor of the other heirs was a question not raised. It is now claimed that by the following provision in the deed the two grantees are required to pay the plaintiffs, as heirs of the grantor, their respective pro rata parts of eight elevenths of the

value of the land, namely: "I want Pearl Sturgill to have the land where he now lives at our death and for Pearl to pay the rest of the heirs what he thinks is right at our death, and I want Beckham Sturgill to have the old home place and help pay the rest of the heirs in proportion."

The rule that issues which have been once litigated cannot be the subject matter of later action is not only salutary but necessary in the administration of justice. The subsidiary rule that one may not split up his cause of action and have it tried piecemeal rests upon the same foundation. To permit it would not be just to the adverse party or fair to the courts. So, as said in Combs v. Prestonsburg Water Co., 260 Ky. 169, 84 S. W. 2d 15, 18: "The rule is elementary that, when a matter is in litigation, parties are required to bring forward their whole case; and 'the plea of res judicata applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.' "

The further construction of the deed respecting the rights of the parties is certainly "a point which properly belongs to the subject of the litigation" between the same parties in the first suit. It was within the scope of the case and its issues. It is clear, therefore, that the judgment was a bar to so much of the present action as seeks alternatively the construction of the instrument. Freeman on Judgments, sec. 822.

But can it be said that an action to have the deed declared null and void upon the ground stated raises an issue which with propriety could have been brought forward in the suit to construe it? The res adjudicata rule does not mean that the prior judgment is conclusive of matters which were "not germane to, implied in or essentially connected with the actual issues in the case although they may affect the ultimate rights of the parties and might have been presented in the former action." 34 C. J. 823, 911. It is true that in the suit for construction the plaintiffs alleged title under the deed and asked that it be quieted, and the defendants sought the same relief. But the relief sought is not a proper test for deter-

mining whether the causes of action are identical. 30 Am. Jur., Judgments, sec. 176.

We have an analogous case in Phillips v. Big Sandy Co., 149 Ky. 555, 149 S. W. 957, 958. The first suit was prosecuted by children of a grantor against a remote grantee for the construction of a deed in which it was pleaded that the deed conveyed only a life estate, and as remaindermen in fee the plaintiffs sought to recover possession of the land. A demurrer was sustained and the petition dismissed. The judgment was affirmed. Two years later the same parties brought a suit seeking the same relief, but upon the ground that the deed had been materially altered after it had been executed and delivered by their father. In the first suit the plaintiffs did not question the correctness of the recorded deed. It was pointed out in the opinion that in the second suit the construction of the deed was not in issue. It was held that the plea of res adjudicata was not sustainable, the court saying: "It will be at once observed that there is no similarity in form or substance between the issues presented in these two actions. They are as different as grounds of complaint could well be. The alteration of the deed which is the subject of the second action did not have any connection with or relation to the subject-matter of the first action."

In Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 442, it was held that a judgment in a suit to reform a deed upon the ground of mistake, the only question for decision being whether the mistake had occurred, was not a bar to a subsequent action for trespass upon the land, which involved the issue of title. It was pointed out that the evidence was not and could not be the same, that being the best test for the application of the res adjudicata rule.

In Gibson v. Crawford, 259 Ky. 708, 83 S. W. 2d 1, a widow first sought to have a will of her husband devising his entire estate to her put into effect under an oral contract to make mutual wills. There was brought into the case a later will which gave the widow only her statutory distributable share in the estate. After it had been held that the widow could not recover the property under the first will by reason of the contract, she instituted a contest of the second will on the grounds of mental incapacity and undue influence of her husband's

collateral kindred. Applying the same evidence test, we held there was no bar to the contest.

A decree of construction of a deed or will does no more than to ascertain and determine the intent of the grantor or testator, as the case may be. It does not change its status nor augment or diminish its binding force. 69 C. J. 899. Freeman on Judgments, sec. 814, points out the difference in jurisdiction or power of adjudication of these issues in the respective actions and that a contest is ordinarily confined to "matters pertaining to the factum of a will, or, in other words, the existence and validity of the instrument in question as a testamentary act without regard to its particular provisions"; hence, it is not a conclusive adjudication of the construction or effect of the provisions of the instrument. So an action contesting the validity of a deed is essentially upon a plea of non est factum, while a suit to construe the instrument is merely to ascertain the grantor's intention A suit seeking to have it adjudged void because of incapacity to have any intention is an entirely different matter.

We are of opinion that the ruling of the court is erroneous that the first judgment is a bar to the action contesting the validity of the deed, but is correct as it relates to further construction of the instrument.

Wherefore the judgment is affirmed in part and reversed in part.