## EVERSOLE et al. v. WEBB et al.

Court of Appeals of Kentucky.
Nov. 2, 1951.

Luker & Tooms and J. Milton Luker, all of London, for appellant.

J. R. Llewellyn, McKee, for appellee.

STEWART, Justice.

This suit was instituted in the Jackson Circuit Court by the widow and heirs-at-law of Preston Eversole against the widow and heirs-at-law of Rowland Eversole to cancel a deed to a 60-acre tract of land in Jackson

County executed and delivered by Preston Eversole and Martha Eversole, his wife, to their son, Rowland Eversole, and the latter's wife, Zadie Eversole, on November 14, 1935. Cancellation is sought on the ground that the consideration expressed in the deed has not been complied with and performed. The Chancellor dismissed plaintiffs' petition and they appeal.

The deed, which was never recorded, has been destroyed. Appellants contend that the consideration was the agreement of the grantees to move on the land conveyed to them, provide a home for the grantors, maintain them and pay their doctors' bills during their lifetime. Appellees insist that the consideration was a stipulation in the instrument to the effect that the grantees should furnish maintenance to and pay the doctors' bills of the grantors during their lifetime. The deed contained no reversionary clause.

The testimony produced at the trial, wholly in the form of depositions, is voluminous and somewhat conflicting. However, we believe it unnecessary to review the evidence at length, since we are of the opinion that certain undisputed facts control the result in the case at bar.

Preston Eversole, one of the grantors, died on June 29, 1939, and appellees alleged in their answer that up until the date of his death he had brought no suit to cancel the deed on the ground that there had been a failure of consideration on the part of the grantees; therefore, they argue first that no right of action survived or descended to Preston Eversole's heirs-at-law to maintain an action to void the deed as to the one-half interest in the land once owned by this decedent.

Rowland Eversole died on November 24, 1942, survived by four children and his widow who later married one John M. Webb, so that the widow's name is now Zadie Eversole Webb. Martha Eversole, at a date not definitely established in the record, obtained possession of the deed in controversy and tore it up. Then on November 10, 1947, Martha Eversole conveyed a one-half interest in the land to her daughter, Emma Price. Zadie Eversole Webb and her children filed suit four days later as plaintiffs in the Jackson Circuit Court against Martha Eversole and Emma Price attacking this deed and seeking a cancellation of it. The Chancellor on June 28, 1948, set aside and adjudged void the deed to Emma Price, thereby upholding the conveyance to Rowland Eversole and Zadie Eversole on November 14, 1935. Appellees also averred in their answer and next maintain that the judgment of June 28, 1948, is res judicata as to the issue raised in this litigation by Martha Eversole and her daughter, Emma Price.

Appellants in their brief make no responsive argument to the first contention of appellees. We think the viewpoint of appellees on this issue is well taken. It is an established principle of law that a conveyance from a parent to a child, in consideration of the support of the former by the latter, cannot be inquired into by the other children after the death of the parent in the absence of any complaint by them or by the parent during the latter's lifetime. See Bradford v. Kirby, 2 Ky. Op. 587; Hensley v. Hensley, 30 S.W. 613, 17 Ky.Law Rep. 122. The proof is clear that Preston Eversole and appellants acquiesced in the status quo of the conveyance during this grantor's lifetime.

Appellants rest their whole case upon the theory that the former judgment is not res judicata of the present suit, claiming that in the first action cancellation of the deed alone was sought, whereas the question to be resolved now is whether the consideration for the conveyance has failed. They assert, moreover, that the parties here are different persons from those in the former case; for, although appellees were plaintiffs in the first suit and are defendants in the instant one, only Martha Eversole and Emma Price were defendants in the cancellation proceeding, while all of the heirs-at-law of the deceased, Preston Eversole, seven of them together with their spouses and the widow, Martha Eversole, are parties to this litigation. Hence, in this suit they insist there is neither identity of parties nor of subject-matter.

We believe appellants' position does not rest upon a firm foundation. As we have

shown, counsel for appellants ignore the effect of the death of Preston Eversole on the title in controversy, thus leaving a gap that res judicata does not reach and close. The plea of res judicata is directed by appellees solely at Martha Eversole and Emma Price; they were parties in opposition to appellees in the first suit and they are now contesting appellees in this action. The record is not before us involving the cancellation of the deed from Martha Eversole to Emma Price, but we are not left entirely in the dark as to certain developments in that case. We are convinced that the sole issue there was not confined merely to the cancellation of the deed because of the prior conveyance to Rowland Eversole and his wife, as is contended here, but that Martha Eversole and Emma Price in the former suit did attack the title of Zadie Eversole Webb and her children to the land on the ground of failure of consideration. In this connection we take special note of this excerpt from the judgment in the case at bar: "The Court further finds that the evidence is practically the same as it was in the case of Zadie Eversole Webb et al. v. Martha Eversole and Emma Price in a former suit in this Court over the same subject matter that is involved in this case."

Assuming for the sake of argument that Martha Eversole and her daughter did not set up and rely upon a failure of consideration in the former action, that issue could have been and should have been concluded in that suit and the previous judgment is a bar to the claim these two persons are now attempting to assert. When a matter is in litigation the parties to it are required to bring forward their whole case. The plea of res judicata applies not only to the points placed in issue by the parties upon which the court is required to pronounce judgment but to every point which properly belonged to the subject of litigation and which the parties by reasonable diligence might have brought forward at the time. Res judicata is binding upon privies as well as parties to the former action. See Triplett v. Bays, 285 Ky. 822, 149 S.W.2d 723; Hays v. Sturgill, 302 Ky. 31, 193 S.W.2d 648, 164 A.L.R. 868.

We therefore conclude that the heirs-at-law of Preston Eversole, deceased, are barred from asserting any claim to the one-half undivided interest in the land to which this decedent formerly held title and which he and Martha Eversole conveyed to Rowland Eversole and Zadie Eversole and we further hold that the former judgment is res judicata as to the suit by Martha Eversole and her privies in estate to re-acquire title to the one-half interest in the land once owned by her.

In view of the decision we have reached we deem it unnecessary to consider and pass upon any of the other issues raised on this appeal.

Wherefore, the judgment is affirmed.