**CHARLES et al. v. PHILLIPS et al.**

Court of Appeals of Kentucky.

June 13, 1952.

Rehearing Denied Dec. 19, 1952.

Francis M. Burke, Francis D. Burke, Pikeville, for appellants.

W. A. Daugherty, Pikeville, for appellees.

MILLIKEN, Justice.

This is an appeal from a judgment refusing to set aside a deed of conveyance of certain mineral lands in Pike County. The deed in question was executed by John W. Goff, then about 90 years of age, on December 7, 1946, in favor of his daughter Minnie Goff Phillips. John W. Goff died shortly thereafter on January 23, 1947, and Minnie Goff Phillips died during the pendency of this action, which was revived against her husband, the appellee Will Phillips, to whom she had devised all of her property.

The deed which the appellants wish set aside was executed in conformity with an agreement between John W. Goff and Minnie Goff Phillips executed on June 12, 1946, which reads:

"This Agreement Witnesseth, That John W. Goff has this day sold, and does hereby agree to convey in fee simple to Minnie Phillips, by a good and sufficient deed of general warranty, when the title thereto has been quieted, and final judgment entered by the Pike Circuit Court, in an action now pending in said Court styled John W. Goff v. Flora E. Goff, which boundaries of land are hereinafter fully described.

"And the said Minnie Phillips does hereby agree to pay the sum of One ($1.00) and other good and valuable

consideration, and the further consideration of said conveyance being her interest in my estate, grantor having heretofore made advancements and conveyances to other heirs.

"Party of the first part, John W. Goff, does hereby agree to convey to party of the second part, Minnie Phillips, all of his right, title and interest in and to the following described property located on Raccoon Creek, Pike County, Ky., which conveyance is made on or before ——— day of ———, 19—, or not later than nine months from date of this title bond or when the suit is settled in court. * *

"I further give to said Minnie Phillips one large poster bed, box springs and mattress, also one piano.

"I further agree to surrender possession and all right, title and interest immediately upon execution of said Deed of Conveyance.

"In testimony whereof, the parties have hereunto set their hands, this the 12th day of June, 1946."

This agreement arose because of the fact that John W. Goff needed money with which to prosecute an action for divorce against Flora E. Goff, whom he had married in 1939, and who had managed to get title to his property, including the land later conveyed by him to Minnie Goff Phillips. Minnie Goff Phillips and her husband, Will Phillips, advanced sufficient funds for John W. Goff to prosecute the action for the divorce and restoration of the property.

The appellants, who are children and grandchildren of John W. Goff, seek to set aside the conveyance to Minnie Goff Phillips on the following grounds: (1) That John W. Goff was not mentally competent at the time he made it; (2) that Minnie Goff Phillips and her husband, the appellee Will Phillips, obtained the deed through undue influence; and (3) that the deed was champertous and, consequently, void.

██ The first two contentions involve much conflicting testimony and will not be discussed in this opinion because we have concluded that the deed should be set aside because it was champertous. KRS 372.060 provides that "Any contract, agreement or conveyance made in consideration of services to be rendered in the prosecution or defense, or aiding in the prosecution or defense, in or out of court, of any suit, by any person not a party on record in the suit, whereby the thing sued for or in controversy or any part thereof, is to be taken, paid or received for such services or assistance, is void." The appellee Will Phillips testified that he did not pay Mr. Goff any money directly in consideration of the title bond and deed, but that he had merely supplied him money for financing the expenses of the divorce and restoration of property proceeding. "Champerty is a species of maintenance, but differs therefrom in that it involves compensation or personal profit to be paid or derived from the thing sued for, or a part thereof, and a bargain or agreement therefor." 14 C.J.S., Champerty and Maintenance, § 2, p. 357. See, also, Wilhoite's Adm'x v. Richardson, 193 Ky. 559, 236 S.W. 1025. The appellees contend that there is an exception to the law of champerty which allows a kinsman to help a poverty stricken relative to maintain his suit. Their argument is adequately answered in 14 C.J.S., Champerty and Maintenance, § 27, p. 369.:

"A person who is related by ties of consanguinity or affinity to either of the parties to a suit may rightfully assist in the prosecution or defense of such suit either by furnishing counsel or by contributing to the expense thereof; but the reason for the rule ceases and the rule is not applicable where a kinsman meddles in or maintains the suit for the purpose of personal speculation or profit. Otherwise stated, relationship by blood or marriage may justify maintenance, but not champerty."

See, also, 10 Am.Jur., Champerty and Maintenance, page 581, Section 4; Corbin on Contracts, Vol. 6, page 705, Section 1423; Restatement of the Law of Contracts, page 1046, Section 542.

922

It is our conclusion that the agreement and subsequent conveyance in conformity with it was champertous and against the public policy of this state, as declared by statute, and should be set aside.

Judgment is reversed for proceedings consistent with this opinion.