## STRUNK v. BENNETT.

Court of Appeals of Kentucky.

May 22, 1953.

518

Hiram H. Owens, Barbourville, for appellant.

Walter B. Early and L. O. Silar, Williamsburg, for appellee.

MOREMEN, Justice.

The petition of L. E. Strunk sought recovery of $4,531 as the value of certain mining equipment and material alleged to have been converted to his own use by the defendant, J. L. Bennett. The suit is rested upon breach of an implied contract, the tort being expressly waived. There had been a pervious suit filed by Bennett, lessor, to have two leases to Strunk canceled and declared void on the ground that he had breached the terms of the contract and leases in several particulars. Issues were joined and proof taken. The judgment, however, declared the leases to be void on the ground that the location of the lands was too indefinite for identification. In the present suit, filed about nine months later, the defendant, Bennett, again pleaded breach of the terms of the leases and contracts of operation by Strunk. He further set up their provisions that if the lessee ceased to operate the mine before the coal was exhausted, the equipment which he had placed on the premises should remain as the property of the lessor, and alleged that Strunk had ceased operations and had made no claim to the equipment left thereon. After the issues had been joined, the defendant, by amended answer, pleaded the former judgment that the leases were void as res judicata of the present claimed right to recover the value of the property left on the premises and sought by way of a counterclaim to recover $5,000 of the plaintiff for damages caused by his improper mining operations. The court held the former judgment to be a bar to all the claims asserted in the present suit because the issues could have been litigated therein. The petition was dismissed and the plaintiff appeals.

It is almost axiomatic that the doctrine of res judicata precluding subsequent litigation extends not only to issues actually determined but to other matters which could properly have been or, as sometimes said, might have been determined in the previous action. This court has gone farther than some others in applying the rule. But we have held the rule does not mean that the prior judgment is conclusive of matters which were not germane to, implied in, or essentially connected with the actual issues in the case although they may affect the ultimate rights of the parties and might have been presented in the former action. Hays v. Sturgill, 302 Ky. 31, 193 S.W.2d 648, 164 A.L.R. 868.

In the matter of a party having a claim which was or might have been available by way of a counterclaim asserted in the former action, it is the general rule that he has an election to plead it then or to re-

serve it for a future independent action, so the former action is no bar to a subsequent independent suit thereon. Note 8 A.L.R. 694. Our cases are in accord. Jefferson, Noyes & Brown v. Western National Bank, 144 Ky. 62, 138 S.W. 308; Louisville Trust Co. v. Drewry, 266 Ky. 279, 98 S.W.2d 900; Conley v. Marshall, 304 Ky. 745, 202 S.W. 2d 382, and cases cited therein.

Section 17, Civil Code of Practice, provides a judgment "does not prevent the recovery of any claim which was not, though it might have been, used as a defense by way of set-off or counterclaim in the action." It was early held (in 1853) that a default judgment rendered on a contract was no bar to the maintenance of an independent suit by the defendant therein on a note which might have been pleaded as a set-off in the former action. Dorsey v. Reese, 14 B.Mon. 157, 53 Ky. 157. Similar rulings have been made in Emmerson's Adm'r v. Herriford, 8 Bush 229, 71 Ky. 229, and City National Bank v. Gardner, 5 Ky.Law Rep. 682, 12 Ky.Op. 458. And in Dedman v. Nalley, 14 Ky.Law Rep. 228, our Superior Court held that where a party entered upon land under a verbal lease which was within the statute of frauds and made improvements which enhanced the value of the land, he could, after eviction, in a later proceeding, rely upon his claim for the improvements.

As stated, the prior litigation between these parties was a suit in equity to cancel the contracts and leases for breach of their covenants, but the court went deeper into the case and found the instruments to have been void ab initio. The lessee could not have reasonably anticipated such judgment from the issues made by the pleadings, but if he had, still his right to recover his property was only conditional upon such determination. He would have had to plead an admission of invalidity as contingent upon his right to recover his property or the value thereof in a counterclaim which was an action at law. There was really no conversion (as alleged) until after the court had adjudged the instruments to be void.

We are of opinion, therefore, that it was error to hold the former judgment

res judicata. The trial court has not decided any of the other issues in the case and we, of course, do not pass upon them.

Judgment reversed for proceedings consistent with this opinion.