**PHILLIPS v. CHARLES et al.**

Court of Appeals of Kentucky.

April 30, 1954.

W. A. Daugherty, Pikeville, for appellant.

F. M. Burke, Pikeville, for appellees.

MOREMEN, Justice.

This is the second appearance of this case upon our docket. Since the parties have not retained the same nomenclature in the two appeals, we will refer to them by their original designation of plaintiffs and defendants. The first appeal is reported in 252 S.W.2d 920.

On December 7, 1946, John W. Goff executed a deed to his daughter, Minnie Goff Phillips, by which he attempted to convey certain described mineral property "when the title thereto has been quieted, and final judgment entered by the Pike Circuit Court, in an action now pending in said court styled John W. Goff v. Flora E. Goff." In the first opinion it was pointed out that the deed resulted from the fact that John W. Goff needed money with which to prosecute an action for divorce against his wife who had managed to get title to his property, including the land later conveyed to Minnie Goff Phillips. Minnie Goff Phillips and her husband, Will Phillips, advanced sufficient funds for the prosecution of this action.

Plaintiffs, children and grandchildren of John W. Goff who died intestate not long after he made the deed, filed suit against Minnie Goff Phillips and joined her husband as a party defendant. The validity of the deed was attacked and one of the reasons assigned was that it was champertous. It was asked that the deed be declared void and that the property attempted to be conveyed by it be adjudged to descend under the law of descent and distribution to plaintiffs and defendants who were the children and grandchildren of John W. Goff. A copy of the deed was filed with the petition and marked "Exhibit A."

In the divorce suit a restoration of the property to John W. Goff was ordered but no deed was executed. Plaintiffs filed an amended petition in this action in which they alleged failure to convey and requested that the master commissioner be directed to convey to the descendants of John W. Goff.

Defendants filed an amended answer and counterclaim which contained this averment:

"The defendant, Minnie Phillips, by reason of the deed from her father, John W. Goff, to her executed on the 7th day of December, 1946, is entitled to have the said Master Commissioner of this court to execute and deliver to her a good and apt deed conveying to her the legal title to all the lands, minerals and interests in lands and minerals set out and described in said deed from the said John W. Goff to her, dated the 6th day of December, 1946, and a copy of which is filed as 'Exhibit A' with plaintiffs' petition herein."

After the trial and submission in chief, the circuit court dismissed the plaintiffs' petition as amended. This court on appeal from that judgment held that the deed was champertous. Minnie Goff Phillips died during the pendency of the action and it was revived against her husband, Will Phillips, sole beneficiary under her will, who is now the principal defendant.

When the case returned to the circuit court, defendant tendered a second amended answer and counterclaim in which it was averred that the boundary described in the deed of December 7, 1946, from John W. Goff to Minnie Phillips covered and included three small parcels of land which had been conveyed prior to the date of the deed by John W. Goff and others to Minnie Phillips and that these deeds had been recorded prior to the making of the deed of December 7, 1946, which the court had held to be champertous. The court refused to allow this amended answer and counter-

claim to be filed and thereafter set aside the deed from John W. Goff to Minnie Phillips and adjudged that the ownership of all the minerals of the lands bounded by the deed was in the heirs of John W. Goff.

The question on this appeal concerns whether or not the court erred in refusing to permit defendant to set up a new defense after the return of this case to the circuit court.

In support of his position that the court improperly refused the amendment, defendant relies upon Hays v. Sturgill, 302 Ky. 31, 193 S.W.2d 648, 164 A.L.R. 868, and Strunk v. Bennett, Ky., 258 S.W.2d 517, where it was held that while the doctrine of res adjudicata extends not only to issues actually determined but to matters which might have been properly determined in the previous action, it does not follow that the prior judgment is conclusive of matters which were not germane to, impliedly in, or essentially connected with the actual issues in the case although they might affect the ultimate rights of the parties and might have been presented in the former action.

It has been shown by the statement of facts heretofore set forth that two issues were involved, (1) was the deed void? and (2) were the plaintiffs entitled to their proportionate share of the property under the inheritance statutes?

If defendant had a defense in addition to the one assigned, it should have been brought forth when the issues were first joined. It should be remembered that in the original petition plaintiffs sought not only to have the deed declared void but also asked that the title to the entire tract of land be adjudged to be in all the heirs of John W. Goff.

The opinion in Schrodt's Ex'r v. Schrodt, 189 Ky. 457, 225 S.W. 151, 154, contains a full discussion of the rights of the parties to amend after reversal in the court of appeals and it emphasizes the rule that the court requires the parties to bring forth their whole case upon the original hearing and will not permit parties, after reversal, to present matters which the parties might, with the exercise of reasonable diligence, have brought forth the first time, and states that it is plain that if the rule were otherwise, litigation would be interminable and reversals might be had without number, first upon one ground and then upon another, so that it would be advantageous to parties to hold back for future service matters which might well have been tried originally. However, the opinion does add this exception:

"If a new trial is granted in the lower court to the unsuccessful party there, or he obtains a reversal in this court with directions for a retrial, the other party may in either event put into the case on the second trial new issues, and this without reference to whether by the exercise of reasonable diligence he could have put them in the case on or before the first trial."

It may be noted, however, that the above exception applies only when the case is remanded for a new trial, presumably in common law actions. In a more recent expression of the court concerning this subject, in Gill v. Wall, Ky. 239 S.W.2d 235, 236, this was said:

"Section 134 of the Civil Code permits the court in the furtherance of justice to allow an amended pleading to be filed. This section does not permit the losing party on an appeal to change her cause of action after the case is remanded."

The case at bar, after reversal, was remanded "for proceedings consistent with this opinion," not for a new trial. Therefore some of the reasoning in the Schrodt case applicable to why a losing party might amend is not acceptable here.

We have concluded that the trial court correctly rejected the amended pleading offered by defendant. Blackberry, Kentucky & West Virginia Coal & Coke Co. v. Kentland Coal & Coke Co., 225 Ky. 346, 8 S.W. 2d 425.

The motion for appeal is denied and the judgment is affirmed.