**Pauline GARRETT, Appellant,**

**v.**

**Wilson YOUNG, Eugene Smith, Hester Smith and Elmon Watts, Appellees.**

Court of Appeals of Kentucky.

Jan. 26, 1968.

Joe Hobson, Prestonsburg, for appellant.

Afton M. Smith, Hindman, for appellee Wilson Young.

Grayson Johnson, Hindman, for appellees Eugene Smith, Hester Smith and Elmon Watts.

ARTHUR T. ILER, Special Commissioner.

This is the latest of three actions involving the location of a boundary line between three parcels which formerly comprised the Joe Pigman farm. In April 1950, the farm was partitioned and divided among three of Joe Pigman's children. Also involved is

the use and location of a 15-foot roadway which was created by the partition and division instrument. The roadway leads from State Highway No. 160 and up the Joe Pigman branch of Troublesome Creek to the three parcels. Appellant Pauline Garrett and Hester Smith are children who thereby acquired two parcels. The third parcel, located across the road and creek, was acquired by Ollie Hays, another child of Pigman and a predecessor in interest and title to appellee Wilson Young. Appellee Elmon Watts became a party because he was the bulldozer operator employed to make necessary repairs to said roadway.

On September 15, 1958, appellant Pauline Garrett filed suit in Knott Circuit Court against Ollie Hays, Gus Hays and Ronald Hays Young, predecessors of Wilson Young, to quiet title to land described in that complaint. After issues were joined, the regular judge was disqualified and a special judge was designated to preside at the trial of the case. This was Civil Action No. 748. He entered judgment dismissing the complaint. Appellant then moved the court to make additional findings of fact and to modify the judgment. The motion was overruled; no appeal was taken.

On November 15, 1963, appellant filed her second suit in the same court wherein she sought to set aside the judgment previously entered upon the ground of "newly discovered evidence." This was Civil Action No. 1598. The complaint was dismissed because the suit was not filed within one year after entry of the first judgment. An effort was made to appeal but the appeal was dismissed.

On March 20, 1965, this action (No. 1777) was filed by appellee Wilson Young, seeking an injunction against Pauline Garrett, prohibiting her from trespassing upon the property rights of appellee and others, she having been prohibited in previous judgments which permanently established the boundary line between said parties and did permanently establish the 15-foot roadway in issue. The stated purpose of appellee's action was to prevent appellant from destroying said road, she having, by words and acts, threatened to tear out the road which had been repaired by persons other than this appellee.

Appellant filed an answer and counterclaim against Wilson Young and a third party complaint against appellees Eugene Smith, Hester Smith and Elmon Watts, alleging that the line located by the former judgment is not the correct boundary and that defendants in that action were successful because they "fraudulently concealed from the court and from appellant information which would have resulted in a different judgment," in that they concealed a map prepared by Thomas S. Combs, which disclosed the true boundary was as testified to by appellant and her witnesses; that defendants knew of said map and that she (appellant) did not know of the map until July 1, 1963.

The basis for the third party complaint was that third party defendants employed their co-appellee Elmon Watts to operate a bulldozer over part of the land owned by her and thereby caused the course of the creek to be changed so as to damage her property in the sum of $7,000.00.

Appellant seeks a reversal by this court of the judgment entered in No. 1777 sustaining appellee Wilson Young's motion for summary judgment, dismissing her counterclaim against the other appellees. In her brief she relies on two propositions:

First, that the trial court erred in sustaining the motion for summary judgment dismissing her counterclaim;

Second, the court erred in dismissing third party complaint of appellant against Eugene Smith, Hester Smith and Elmon Watts, when said appellees never filed any motion for summary judgment.

■ As to the first ground stated by appellant, it will be noted that in the present cause she seeks relief through her allegation of fraud. Whereas, in her second

effort she sought relief because of newly discovered evidence, to-wit, the Thomas S. Combs map. (Suit filed Nov. 15, 1963.) The trial court's final ruling that the issue was res judicata was not error. In the one case she applies for relief from the judgment fixing the location of the 15-foot roadway and the rights of the various parties to the use thereof, on the theory that "new evidence has been discovered," to-wit, a map made by Thomas S. Combs. Having lost that case, she later comes back with a new suit which includes the same land plus an additional tract against substantially the same parties, plus a workman, for the same relief plus damages alleged to result from a trespass on said property. All on the theory of a fraud purportedly practiced upon appellant and the court by abutting landowner appellees, to-wit, their withholding of the said Thomas S. Combs map.

The trial court having adjudged and fixed the location of the roadway, and boundaries dividing it from the abutting property, and having established the rights of the parties to the use thereof by a judgment which had not since been vacated, modified or reversed, said court, in another action brought five years later, was powerless to set aside the former judgment in face of the defense of res judicata, and his ruling on appellee's motion for summary judgment was not error.

In the case of Hays v. Sturgill, 302 Ky. 31, 193 S.W.2d 648, 164 A.L.R. 868, cited by both appellant and appellee Wilson Young, we said:

> "The rule that issues which have been once litigated cannot be the subject matter of later action is not only salutary but necessary in the administration of justice. The subsidiary rule that one may not split up his cause of action and have it tried piecemeal rests upon the same foundation. To permit it would not be just to the adverse party or fair to the courts. * * *"

And in Combs v. Prestonsburg Water Company, 260 Ky. 169, 84 S.W.2d 15, at page 18, it is stated:

> "* * * and the plea of res judicata applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

As to the second argument: Appellant takes the position that the court was presumptuous and without authority to sustain the motion for summary judgment purportedly, but never actually, made and that the court was wholly without authority to dismiss appellant's third party complaint against Eugene Smith, Hester Smith and Elmon Watts, there not having been filed any motion on their behalf for a summary judgment. The record reveals that a notice of motion for summary judgment was duly served on appellant by appellee, Wilson Young. No further motion, as such, was served or filed. It was not error for the court to consider the "Notice" as the "Motion". CR 7.02(1) provides that the motion may be incorporated in the notice and the record here discloses that was done. At any rate, appellant did not oppose the purported motion in any proper manner before appeal.

However, the situation is different with respect to the third party defendants. They neither served notice nor made a motion for a summary judgment in any form, or a motion to dismiss. They contend on appeal that, when the trial court ruled that the roadway had been established by previous actions and judgments, it had no alternative but to dismiss the third party complaint, as no trespass had been committed against the property of appellant Pauline D. Garrett. According to prior judgments the property in issue was not owned by her.

It is elemental that a cause for damages based on a trespass must fail, in the absence of proof of trespass.

Under the terms of a valid judgment, third party defendants had a right to repair and improve the roadway so that they could use it as a means of access to their property. While the court may have committed error in granting summary judgment for the third party defendants without any motion therefor having been made, the error cannot be considered prejudicial because the third party defendants were certain to prevail ultimately.

The judgment of the lower court is affirmed.

All concur.