**Howard NORRELL and Consolidated T. V. Cable Service, Inc., Appellants,**

v.

**ELECTRIC & WATER PLANT BOARD OF the CITY OF FRANKFORT, Kentucky, Community Service, Inc., the City of Frankfort, Kentucky, James W. Locke, James L. Morris, and C. A. McClain, Appellees.**

Court of Appeals of Kentucky.

Nov. 4, 1977.

William A. Young, Frankfort, for appellants.

Marion Rider, Allen Prewitt, Ben B. Fowler, Stites, McElwain & Fowler, William P. Curlin, II, Hazelrigg & Cox, Frankfort, for appellees.

Before GANT, HOWERTON and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from an order of the Franklin Circuit Court dismissing the claims of the appellants, Howard Norrell and Consolidated T.V. Cable Service, Inc., against the appellees, Electric & Water Plant Board of the City of Frankfort, Community Service, Inc., the City of Frankfort, James W. Locke, James L. Morris, and C. A. McClain. The trial court held that the claims were barred under the doctrine of res judicata.

In an effort to provide the city of Frankfort with adequate television reception, the Plant Board, following a study made for it by the Radio Corporation of America, determined to construct a cable television system.[1] The Plant Board deemed it impractical for it to operate the system so it caused a self-perpetuating, private, nonprofit corporation, Community Service, Inc., to be formed for this purpose. On August 11, 1952, the Plant Board entered into a contract with Community whereby the Plant Board would complete the construction of the cable television system and Community would operate it, reimbursing the Plant Board for its investment out of receipts from the system. Title to the property of the system and any extensions thereto remained in the Plant Board.

Consolidated T.V. Cable Service, Inc., is a private corporation also engaged in furnishing cable television service in Frankfort. Its president and principal stockholder is Howard Norrell. At the time this particular controversy arose, Community served the southern, western, and northern areas of Frankfort while Consolidated served the eastern area and the area north of Broadway in Frankfort. The rates charged by Consolidated in the eastern area were apparently in excess of those charged by it elsewhere and were in excess of those charged by Community. In 1971 Community proposed to extend its operation into this area.

In July, 1971, Howard Norrell, as a taxpayer, filed suit against the Plant Board and Community Service, Inc., seeking to enjoin the Plant Board from entering into any contract or performing under any contract entered into between it and Community pledging the property or credit of the Plant Board for the purpose of financing the extension of Community's service into eastern Frankfort. The complaint was amended, joining Consolidated T.V. Cable Service, Inc., as a plaintiff and Jerrold Electronics Corporation as a defendant. Jerrold was to construct the proposed extension. In addition to the relief asked in the origi-

1. For additional factual background see *Consolidated Television Service, Inc. v. Leary*, Ky., 382 S.W.2d 78 (1964).

nal complaint, the amended complaint sought to enjoin Community and Jerrold from entering into a contract for the extension. Appellees Locke, Morris, and McClain were then permitted to join in the action as intervening taxpayers.

The court granted the injunction against the Plant Board but denied that sought against Community and Jerrold as inappropriate because they were private corporations.

In October, 1971, the complaint was amended for a third time. It now alleged that an agreement between the Plant Board and Community, whereby Community would lease the Plant Board's cable facilities including the eastern extension for $1.00 per year, was in violation of KRS 84.010 and KRS 96.175(4) because the lease was not approved by the City of Frankfort which under the statute holds legal title to all property of the Plant Board. Paragraph 11 of this amended complaint further alleged that the Plant Board had no authority to own, operate, control, or supervise a television distribution system or to provide television service to the inhabitants of the city.

In November, 1971, yet another amended complaint was filed but only for the purpose of deleting the allegations contained in paragraph 11 of the previous amended complaint. This was apparently done because in the latter part of October Consolidated had commenced an action in the United States District Court against the City of Frankfort, the Plant Board, and Community, alleging that the extension of Community's service into eastern Frankfort would violate Consolidated's rights under the fourteenth amendment to the United States Constitution. The premise for this action was that to avoid duplication KRS 96.045 requires a municipality either to purchase or condemn an existing utility facility in an area where the municipality proposes to construct a similar facility and no effort had been made by the city to purchase or condemn Consolidated's facilities in east Frankfort. The District Court found no

violation of the fourteenth amendment, and this finding was affirmed by the Sixth Circuit Court of Appeals in *Consolidated T.V. Cable Service, Inc. v. City of Frankfort*, 465 F.2d 1190 (1972).

In August, 1972, Consolidated filed a declaratory judgment action in the Franklin Circuit Court naming as defendants those named in the federal suit. This action asked the court to declare that the city, the Plant Board, and Community had no authority to own or operate a cable T.V. system or, in the alternative, to require the city and Plant Board to comply with KRS 96.045. The action was consolidated by the court with the October, 1971, action. On November 22, 1976, an order of the circuit court dismissing the action as consolidated was entered. It is from that order that this appeal is brought.

In its opinion the circuit court determined that the ultimate questions before it were whether the city had legal authority to operate a cable television system and, if so, whether it had violated the antiduplication provisions of KRS 96.045. The court found that both of these questions could have been presented in former cases involving the parties or their privies. These cases referred to by the court were *Norrell v. Judd*, Ky., 374 S.W.2d 192 (1963); *Consolidated Television Service, Inc. v. Leary*, Ky., 382 S.W.2d 78 (1964); and *Norrell v. Judd* and *Consolidated Television Service, Inc. v. Flynn*, Ky., 387 S.W.2d 7 (1965). The court reasoned that since the prior cases afforded the parties or their privies an opportunity to litigate these very questions, under the rule set out in *Combs v. Prestonsburg Water Co.*, 260 Ky. 169, 84 S.W.2d 15 (1935), the questions actually were in issue in those former suits by implication and principles of res judicata therefore precluded their being raised in this action.

The rule of issue preclusion set out in *Combs, supra,* however, is subject to the limitation that only those issues which are germane to, implied in, or so essentially

connected with the actual issues in a previous case as to be involved in the scope of the proceedings are precluded from being raised in a later case between the parties or their privies. *Gilbert v. Bowling Green Bank & Trust Co.,* Ky., 460 S.W.2d 14 (1970); *Hays v. Sturgill,* 302 Ky. 31, 193 S.W.2d 648, 164 A.L.R. 868 (1946).

The first of the prior cases between the parties or their privies involved the question of whether a contract between the municipal housing commission and Community was void because of a conflict of interest involving an individual who was at once an officer and employee of the housing commission and a director of Community. The second case involved the question of whether the Plant Board's refusal to permit Consolidated to use its utility poles in certain areas of Frankfort was discriminatory. The question of the Plant Board's authority to operate a cable system was apparently raised in that case but not decided because the Court found that a determination of that issue had no bearing on the disposition of the case.[2] The third case involved the question of whether Community should be required to remove its facilities from a housing project in order to place it on an equal footing with Consolidated after the court had found Community's contract with the housing commission void because of the conflict of interest involved in the first case.

While we fully appreciate what must have been the trial court's desire to bring about some finality to the disputes between these parties and perhaps its feeling of *déjà vu,* we do not believe that the question of the legal authority of the City of Frankfort through its Plant Board to operate a cable television system was so involved in the scope of the previous cases between the parties or their privies as to have been germane to, implied in, or essentially connected with the actual issues determined in those cases. The question of the duplication of utilities does not appear to have been at all involved in the scope of the previous cases. These questions, therefore, are not precluded from being raised in this litigation by those former cases.

■ Appellees argue, nevertheless, that principles of judicial estoppel or estoppel by contract preclude these questions from being raised by the appellants. As to the question of the duplication of utilities, we find no basis in the long history of the dealings between the parties for asserting either a judicial estoppel or an estoppel by contract. The question of the legal authority of the city through the Plant Board to operate a cable television system we view in a different light. We need consider only the question of judicial estoppel.

After having raised the issue of the authority of the city through the Plant Board to operate a cable television system when this action was originally brought in state court, Consolidated amended its complaint to drop that specific issue when its action in federal court was begun. It then represented to the federal district court that "the city does have the power to run a CATV system itself as a part of its electrical plant facility" and that this was "no longer an issue" in the state court. Having assumed this position as a necessary predicate to its success in federal court and having lost, Consolidated now seeks to reassume its inconsistent position in the state court. Under all of the circumstances of this case, to permit this question to be raised now would be to permit the appellants to "play fast and loose with the courts." *See Scarano v. Central R. Co. of New Jersey,* 203 F.2d 510 (3d Cir. 1953). This we will not do. This question was raised once and then affirmatively abandoned, and a contrary position was asserted before another court in an action in which the same parties or their privies were involved. Appellants are estopped to raise this issue now.

2. *See Consolidated Television Service, Inc. v. Leary, supra,* at p. 81.

The judgment of the trial court is affirmed as to the question of the authority of the City of Frankfort to operate a cable television system through its Plant Board, but it is reversed as to the question of duplication of utilities. This case is remanded for further proceedings on that question.

All concur.