COMMONWEALTH of Kentucky, ex rel.
Jordan HANSARD, Appellant,

v.

Boyd SHACKLEFORD, Appellee.

No. 94–CA–2291–DG.

Court of Appeals of Kentucky.

Oct. 27, 1995.

---

Neil Ward, Pineville, for appellant.

Glenn W. Denham, Middlesboro, for appellee.

Before HOWERTON, HUDDLESTON and MILLER, JJ.

HOWERTON, Judge.

Upon motion of the Cabinet for Human Resources on behalf of Jordan Hansard, a minor, this Court granted discretionary review of a judgment from the Bell Circuit Court. The Bell Circuit Court dismissed the action of the district court, Case No. 93–J–021, and reversed a finding of paternity and order of support against Boyd Shackleford. The dismissal was based upon the circuit court's finding that the action was barred by res judicata. We find error and reverse.

Boyd Shackleford and Rita Hansard were divorced on May 10, 1990. During the proceedings, both parties claimed that there were no children of the marriage and that Rita was not pregnant; both the petition for divorce and decree so indicate. In fact, at the time of the divorce, Rita Hansard was pregnant and gave birth to Jordan Hansard on October 3, 1990.

On April 24, 1992, the Cabinet for Human Resources filed a paternity action, 92–J–099, against Shackleford based upon Ms. Hansard's sworn affidavit that Shackleford was the father of Jordan Hansard. Shackleford's attorney filed a motion to dismiss asserting res judicata as to the prior divorce decree. On February 23, 1993, the Bell District Court granted the motion to dismiss as it involved Ms. Hansard and gave the Cabinet 20 days in which to amend its complaint.

Instead of amending the complaint, the Cabinet filed a new action, 93–J–021, also in the Bell District Court, on behalf of the minor, Jordan Hansard. Ms. Hansard signed the new complaint as the statutory guardian following her appointment as guardian on March 4, 1993. The case and complaint, styled "Amended Complaint" was timely filed on March 5.

Shackleford again filed a motion to dismiss which was denied by the district court. The case went to trial on January 25, 1994, and a jury found, based upon evidence from a blood test, that Shackleford was the father of Jordan Hansard. The Court subsequently ordered child support in the amount of $275 a month.

On February 16, 1994, Shackleford filed a motion to vacate the jury verdict. Following a hearing, the district court denied the motion and the appeal to the circuit court followed. On August 18, 1994, the Bell Circuit Court found in favor of Shackleford and dis-

missed the case on the basis of res judicata. It is unclear as to whether the judge determined that the case was barred because of the divorce decree or because the first district court action had been dismissed.

The Cabinet contends that the circuit court erred in dismissing the second paternity action, because it was not barred by res judicata and was brought on behalf of Jordan Hansard. The Cabinet argues that the child was not a party to either the divorce or the initial paternity action brought on behalf of Ms. Hansard, and thus is not bound by the decisions in those proceedings. We agree.

The Cabinet cites *BTC Leasing, Inc. v. Martin,* Ky.App., 685 S.W.2d 191 (1983), in which this Court held that the successful invocation of res judicata is dependent upon finding that a previous judgment has been rendered involving the same subject matter and the same parties, or parties in privity. With regard to the issue of privity, this Court wrote that "the mere fact that two parties are interested in proving or disproving the same facts will not create privity." *Id.* at 198. The Cabinet asserts that this case is dispositive in that Jordan Hansard was not a party to the prior proceedings and his rights were not adequately protected by his mother in the first paternity action.

The Cabinet also provides a Wyoming Supreme Court case, *R.K.S., Jr. v. S.D.M.,* 882 P.2d 1217 (Wyo.1994), wherein the Court held that "a child who has not been included as a party in any prior paternity action or any prior divorce case cannot be foreclosed by the doctrines of res judicata or collateral estoppel with respect to the child's subsequent effort to achieve determination of paternity." Although part of the Court's rationale is statutory, the case does provide a discussion of decisions from various jurisdictions on the use of res judicata in paternity proceedings.

It is evident from the rationale in *S.D.M.,* as well as the other cases provided by the Cabinet, that other jurisdictions generally recognize that a finding or implication of paternity resulting from an earlier divorce or other proceedings is not binding on the child in any subsequent action unless the child was a party to the prior proceeding.[1] However, this matter appears to be one of first impression for Kentucky courts.

Shackleford contends that, aside from the fact that the second action was brought in the name of the child, it is in effect identical to the first action. Shackleford further argues that because Ms. Hansard signed the second complaint as guardian for Jordan Hansard, she is actually a party to the second action, thereby resulting in the same parties and same subject matter in both actions.

Shackleford relies on *Egbert v. Curtis,* Ky. App., 695 S.W.2d 123 (1985), which holds that res judicata is applicable "not only to issues disposed of in the first action, but is applicable to every point which properly belonged to the subject of the litigation in the first action and which in the exercise of reasonable diligence might have been brought forward at the time." *Id.* at 124.

We are not called upon to decide whether Ms. Hansard was properly barred from bringing the paternity action, nor do we undertake to review the issue. Nonetheless, based on Kentucky's treatment of the doctrine of res judicata, in conjunction with the cited law from other jurisdictions in paternity cases, we conclude that the circuit court erred in reversing the finding of paternity and order of child support brought on behalf of the child. Jordan Hansard was not a party to the divorce and was not a party to the original paternity suit. His name appeared on the first complaint not as a party, but merely for purposes of naming the child.

The order of the Bell Circuit Court is reversed, and this case is remanded for reinstatement of the verdict of paternity and award of child support.

HUDDLESTON, J., concurs.

MILLER, J., concurs in result.

---

1. The Cabinet has also directed this Court's attention to the recent decisions of *C.M.G. v. K.J.Z.,* 194 Wis.2d 690, 535 N.W.2d 97 (Ct.App.1995); *Willerton v. Bassham,* 111 Nev. 10, 889 P.2d 823 (1995).