Jose Luis TORRES, Appellant,

v.

E.W. JOHNSON, individually and Emmett W. Johnson Company, Inc., Appellees.

No. 2–01–134–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 27, 2002.

Law Offices of Garcia & Read, L.L.P., and Domingo A. Garcia, John H. Read,

and Oscar J. Zevallos, Dallas, for Appellant.

Robison & Robison, and Douglas M. Robison, Denton, for Appellee.

PANEL A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

### Introduction

In this wrongful discharge case, the primary issues we must decide are (1) whether Jose Luis Torres's claims against Emmett W. Johnson Company, Inc. (the Company) are time-barred due to Torres's failure to properly identify the Company in his original petition and (2) whether Torres failed to exhaust his administrative remedies because he did not wait to sue until 180 days after he filed his charge of discrimination. Because we conclude that Torres's claims against the Company are not time-barred and that he did not fail to exhaust his administrative remedies, we will reverse and remand in part and affirm in part.

### Background Facts & Procedural History

Torres was discharged from his employment with the Company on November 18, 1999. On November 19, 1999, Torres filed a charge of discrimination, alleging that his employment had been wrongfully terminated because of his Hispanic national origin. On November 29, 1999, the Equal Employment Opportunity Commission (EEOC) dismissed the charge and issued a notice of right to sue.

On January 20, 2000, Torres filed a wrongful termination lawsuit in which he named "E. W. JOHNSON, Individually, d/b/a E.W. JOHNSON COMPANY" as the defendant. Torres's petition was served on Gary M. Fahs, President and Chief Operating Officer of the Company, at the Company's corporate offices on January 25, 2000. On April 24, 2000, Torres amended his petition to name "E.W. Johnson, Individually and EMMETT W. JOHNSON COMPANY, INC." as defendants.

In September 2000, appellees moved for summary judgment on Torres's claims on the following grounds: (1) Torres did not timely sue the Company because he did not name the Company as a defendant within ninety days of receiving his notice of right to sue from the EEOC; (2) Torres did not exhaust his administrative prerequisites because he did not give the EEOC or the Texas Commission on Human Rights (TCHR) 180 days to investigate his claim before filing suit; and (3) Johnson could not be sued individually under either Title VII [1] or the Texas Commission on Human Rights Act (TCHRA) [2] because he was not Torres's employer and supervisors are not individually liable under either Title VII or the TCHRA. The trial court granted a general summary judgment for appellees, and this appeal followed.

### Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.*, 589

---

1. The Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5 (West 1994).

2. Tex. Lab.Code Ann. ch. 21 (Vernon 1996 & Supp.2003).

S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999); *Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *KPMG Peat Marwick,* 988 S.W.2d at 748; *see also* TEX.R. CIV. P. 94. To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

### Timeliness of Lawsuit

■ A discrimination lawsuit under Title VII must be filed within ninety days after the aggrieved person receives a notice of right to sue from the EEOC. 42 U.S.C.A. § 2000e–5(f)(1); *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 149, 104 S.Ct. 1723, 1724–25, 80 L.Ed.2d 196 (1984) (per curiam); *Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir.1988). If a plaintiff fails to sue under Title VII within ninety days, the suit is barred unless some equitable basis justifies tolling this limitation period. *Way,* 840 F.2d at 306; *Bolling v. City & County of Denver,* 790 F.2d 67, 69 (10th Cir.1986).

In his first issue, Torres contends that summary judgment for the Company was improper because he filed and served his lawsuit against the Company within ninety days of receiving notice of the right to sue.[3] Torres asserts that his naming of the Company in his original petition as "E.W. Johnson, Individually d/b/a E.W. Johnson Company" was simply a misnomer and that, as a result, his amended petition correctly naming Emmett W. Johnson Company, Inc. as a defendant related back to his timely filed original petition.

■ Texas law recognizes a distinction between misnomer and misidentification. Misnomer occurs where the plaintiff misnames either himself or the correct defendant, but the correct parties are involved. *Enserch Corp. v. Parker,* 794 S.W.2d 2, 4–5 (Tex.1990); *Maher v. Herrman,* 69 S.W.3d 332, 338 (Tex.App.-Fort Worth 2002, pet. denied). Misidentification occurs when two separate legal entities with similar names actually exist and the plaintiff sues the wrong one because he is mistaken about which entity is the correct defendant. *Chilkewitz v. Hyson,* 22 S.W.3d 825, 828 (Tex.1999); *Enserch Corp.,* 794 S.W.2d at 4–5.

■ The purpose of statutes of limitations is to compel the assertion of claims within a reasonable period so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 455 (Tex.1996); *Cont'l S. Lines, Inc. v. Hilland,* 528 S.W.2d 828, 831 (Tex.1975). Thus, the critical inquiry in both misnomer and misidentification cases

---

**3.** Torres does not challenge the summary judgment for Johnson on the ground that Johnson had no individual liability to Torres under Title VII or the TCHRA. Accordingly, we must affirm the summary judgment for Johnson on this unchallenged ground. *See Scott v. Galusha,* 890 S.W.2d 945, 948 (Tex. App.-Fort Worth 1994, writ denied) (holding that, when summary judgment rests on more than one ground, appealing party must assign error to each ground, or judgment will be affirmed on ground about which no complaint is made).

is whether the correct defendant received actual notice of the lawsuit within the limitation period. In misnomer cases, limitations is tolled and a later amendment of the petition relates back to the date of the original petition—primarily because the party intended to be sued has been served and put on notice that it is the intended defendant. *Enserch Corp.*, 794 S.W.2d at 4–5; *Pierson v. SMS Fin. II, L.L.C.*, 959 S.W.2d 343, 347 (Tex.App.-Texarkana 1998, no pet.); *Hernandez v. Furr's Supermarkets, Inc.*, 924 S.W.2d 193, 196 (Tex. App.-El Paso 1996, writ denied).

■■■ Even in cases of misidentification where the wrong legal entity was sued, the limitation period may be equitably tolled if the plaintiff can prove that the proper defendant was not prejudiced by the mistake in pleading. *Enserch Corp.*, 794 S.W.2d at 5; *Cont'l S. Lines, Inc.*, 528 S.W.2d at 831. Courts will apply the equitable tolling doctrine in misidentification cases where applying the statute of limitations would not serve its legitimate purpose. *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 434 (Tex.App.-Austin 1987, writ ref'd n.r.e.); *accord Enserch Corp.*, 794 S.W.2d at 5. To be entitled to equitable tolling, the plaintiff must show that the correct defendant had notice of the suit, was cognizant of the facts, and was not misled or disadvantaged by the mistake. *Chilkewitz*, 22 S.W.3d at 830; *Cont'l S. Lines, Inc.*, 528 S.W.2d at 831.

■■■ This case is one of misidentification rather than misnomer. Johnson and the Company are each distinct legal entities with similar names. *See Grain Deal-*

*ers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex.1997); *Pabich v. Kellar*, 71 S.W.3d 500, 507 (Tex.App.-Fort Worth 2002, pet. denied) (op. on reh'g) (both holding that corporations are separate legal entities from their owners and shareholders). Accordingly, the petition's naming of "E. W. JOHNSON, Individually, d/b/a E.W. JOHNSON COMPANY" as the defendant does not name the Company as a party in the case.

This case differs from many misidentification cases, however, because the lawsuit misidentifying the Company was actually served upon it within the limitation period. *See, e.g., Enserch Corp.*, 794 S.W.2d at 5–6; *Cont'l S. Lines, Inc.*, 528 S.W.2d at 830–31; *Palmer*, 728 S.W.2d at 433 (where lawsuits misidentifying true defendants were not served on them, although true defendants eventually received notice of suits). Torres served the original petition on the Company by serving its president at its registered office for service on January 25, 2000—fifty-seven days after he received his notice of right to sue.[4] *See* TEX. BUS. CORP. ACT ANN. art. 2.11, § A (Vernon 1980) (providing that a corporation may be served with process by serving its president, vice president, or registered agent). Torres stated in the petition that service could be had upon "Defendant, E.W. JOHNSON COMPANY'S owner, Mr. E.W. Johnson" at the Company's registered office for service, and other portions of the petition refer to alleged actions by "Defendant, E.W. Johnson Company." In addition, Torres's attorney sent presuit correspondence to the Company's attorney threatening suit and referencing only the

---

4. The Company was the *only* defendant served with Torres's lawsuit. The original petition was never served on Johnson because he was never served in person, either at the Company's offices or at another address. *See* TEX.R. CIV. P. 106(a) (providing that citation shall be served by delivering a copy of the

citation to the defendant in person). Johnson filed an answer, however, so no service was required. *See* TEX.R. CIV. P. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him.").

Company, not Johnson. These allegations and correspondence, coupled with service of the lawsuit upon the Company, were sufficient to inform the Company that Torres intended the Company itself to be a party to the lawsuit. Because the Company had actual notice of the suit against it within the ninety-day limitation period, was cognizant of the facts, and was not misled or disadvantaged by Torres's mistake in pleading, we hold that the limitation period was equitably tolled and that Torres's suit against the Company is not time-barred.

The Company asserts that Torres's lawsuit was untimely because the amended complaint that correctly states its name was never served upon it. But no new service was required because the Company entered an appearance in the suit by moving for summary judgment after Torres amended his pleadings. *See* Tex.R. Civ. P. 121; *see also Bloom v. Bloom*, 935 S.W.2d 942, 947 (Tex.App.-San Antonio 1996, no writ) (holding that defective service is waived by the filing of a general appearance). In addition, courts have not required service of the properly amended petition on the true defendant as a prerequisite to avoiding the limitations bar where the true defendant was not prejudiced by the initial misidentification. *See Enserch Corp.*, 794 S.W.2d at 5; *Cont'l S. Lines, Inc.*, 528 S.W.2d at 830; *see also Chilkewitz*, 22 S.W.3d at 827, 829 (in "assumed name"[5] case, requiring only amendment of petition before judgment to add defendant's correct legal name, not re-service of amended petition).

Because the limitation period was equitably tolled, the trial court erred in granting summary judgment for the Company on the ground that Torres's lawsuit was untimely. We sustain Torres's first issue.

### Exhaustion of Administrative Remedies

In his second issue, Torres contends that the trial court erred by granting the Company summary judgment on his Title VII claims[6] on the ground that he failed to exhaust his administrative remedies by waiting 180 days after filing his EEOC charge before filing suit. The Company asserted in its summary judgment motion that Torres's right to sue letter was void and did not give him the right to sue under Title VII because the notice was issued before the 180–day period had run. Torres contends that nothing in Title VII precludes the EEOC from issuing a notice of right to sue earlier than 180 days after an EEOC charge is filed and that such a notice is valid.

Title VII provides that, if a charge is dismissed by the EEOC, or if within 180 days from the filing of the charge the EEOC has not filed suit under Title VII or entered into a conciliation agreement to which the aggrieved person is a party, the EEOC shall so notify the aggrieved person, i.e., issue notice of the right to sue. 42 U.S.C.A. § 2000e–5(f)(1). The aggrieved person then has ninety days in which to sue the person named in the EEOC charge. *Id.* Receiving a notice of right to sue is a condition precedent, but not a jurisdictional prerequisite, to filing a Title VII lawsuit. *Sims v. Trus Joist*

---

**5.** *See* Tex.R. Civ. P. 28 (providing that private corporation doing business under assumed name may be sued in its assumed or common name).

**6.** The Company moved for summary judgment on both Torres's TCHRA claims and his Title VII claims on the ground that he had failed to exhaust administrative remedies. Torres does not challenge summary judgment on his TCHRA claims on this ground; thus, we must affirm summary judgment for the Company on these claims. *See Scott*, 890 S.W.2d at 948.

*MacMillan,* 22 F.3d 1059, 1061 (11th Cir. 1994); *Pinkard v. Pullman–Std.,* 678 F.2d 1211, 1215 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983).

The EEOC's regulations provide that the EEOC may issue notice of the right to sue at an aggrieved party's request "at any time prior to the expiration of 180 days" if the EEOC has determined that it will be unable to complete its investigation of the charge within 180 days and has attached a written certificate to that effect. 29 C.F.R. § 1601.28(a)(2) (available at *http://www.westlaw.com)* (current through Nov. 12, 2002). There is a split among the federal circuits regarding whether the EEOC can terminate its investigation before the 180th day based on this regulation. *See Sims,* 22 F.3d at 1061; *Saulsbury v. Wismer & Becker, Inc.,* 644 F.2d 1251, 1257 (9th Cir.1980) (both holding that EEOC may issue right to sue before end of 180–day period); *Martini v. Fed. Nat'l Mortg. Ass'n,* 178 F.3d 1336, 1339, 1347 (D.C.Cir.1999) (holding that EEOC cannot issue notice of right to sue at aggrieved person's request before end of 180 days), *cert. dism'd,* 528 U.S. 1147, 120 S.Ct. 1155, 145 L.Ed.2d 1065 (2000). Neither this EEOC regulation nor the dispute based upon it is relevant here, however, because the EEOC did not terminate its investigation and issue a notice of right to sue at Torres's request. Instead, the EEOC dismissed Torres's charge on its own initiative after determining, based on the evidence presented, that there was not a sufficient basis on which to proceed with the investigation.

Nothing in the plain language of the statute prohibits the EEOC from dismissing a charge and issuing a notice of right to sue before the 180th day.[7] In addition, the EEOC's regulations allow for the dismissal of the charge at any time where, as here, the EEOC determines after investigation that the charge fails to state a Title VII claim. 29 C.F.R. § 1601.18(a) (available at *http://www.westlaw.com)* (current through Nov. 12, 2002). Although no court has addressed the validity of this regulation, it appears to be consistent with the federal jurisprudence. *See, e.g., Occidental Life Ins. Co. v. E.E.O.C.,* 432 U.S. 355, 361, 97 S.Ct. 2447, 2452, 53 L.Ed.2d 402 (1977) (noting that complainant whose EEOC charge is *not* dismissed, promptly settled, or litigated by the EEOC must wait 180 days before suing); *Martini,* 178 F.3d at 1342 (framing issue as "Did Congress clearly intend to prohibit private suits within 180 days after a charge is filed *as long as the EEOC has not dismissed the charge?*" (emphasis supplied)); *E.E.O.C. v. Hearst Corp.,* 103 F.3d 462, 467 (5th Cir.1997) (noting that EEOC's issuance of notice of right to sue at *either* dismissal of charge or end of 180–day period signifies the end of agency action with respect to the charge). The cases on which the Company relies are not on point because none of them involved a situation where the EEOC had dismissed the charge. *See, e.g., Martini,* 178 F.3d at 1339; *Mills v. Jefferson Bank E.,* 559 F.Supp. 34, 34–35 (D.C.Colo.1983); *Grimes*

---

**7.** The pertinent section of Title VII provides:

If a charge filed with the Commission ... is dismissed by the Commission, *or* if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference [relating to enforcement proceedings based on state law], whichever is later, the Commission has not filed a civil action under this section or ... has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ....

42 U.S.C.A. § 2000e–5(f)(1) (emphasis supplied).

*v. Pitney Bowes, Inc.,* 480 F.Supp. 1381, 1383 (D.C.Ga.1979) (all involving situations where EEOC issued notice of right to sue before 180th day at aggrieved person's request); *McGee v. Purolator Courier Corp.,* 430 F.Supp. 1285, 1285–86 (D.C.Ala. 1977) (involving plaintiff who sued just three weeks after EEOC charge had been filed and before notice of right to sue had been issued).

■ Because the EEOC dismissed Torres's charge, he was not required to wait to sue until 180 days after he had filed his EEOC charge. Indeed, because he had only ninety days in which to sue after the EEOC dismissed his charge, his suit would have been time-barred if he had waited to sue until the end of the 180–day period. *See Communications Workers of Am. v. N.J. Dep't of Personnel,* 282 F.3d 213, 216–17 (3rd Cir.2002) (noting that when EEOC dismisses a claim, it must so notify claimant, who then has only ninety days in which to sue); *Scholar v. Pac. Bell,* 963 F.2d 264, 266–67 (9th Cir.) (same), *cert. denied,* 506 U.S. 868, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992). Accordingly, the trial court erred by granting the Company summary judgment on the ground that Torres had failed to exhaust his administrative remedies because he did not wait to sue until 180 days after he had filed his EEOC charge. We sustain Torres's second issue.

### Conclusion

We affirm the trial court's summary judgment for Johnson, individually, and for the Company on Torres's TCHRA claims. We reverse the summary judgment for the Company on Torres's Title VII claims and remand those claims to the trial court for further proceedings. Tex.R.App. P. 43.2(d).