**Affirmed and Opinion Filed August 8, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00645-CV

### PETRA GAONA AND JOSE GAONA, Appellants

### V.

### GARLAND SURGICARE PARTNERS, LTD. D/B/A BAYLOR SURGICARE AT GARLAND, THVG GARLAND GP, LLC, AND UNITED SURGICAL PARTNERS INTERNATIONAL, INC., Appellees

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-00901-E**

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

This is an appeal from a summary judgment dismissing, on limitations grounds, Petra and Jose Gaonas' health care liability claims against Garland Surgicare Partners, Ltd. d/b/a Baylor Surgicare at Garland, THVG Garland GP, LLC, and United Surgical Partners International, Inc. (collectively, the Garland Surgicare parties). In two issues, the Gaonas assert summary judgment was improper because they raised a fact issue as to whether the limitations period was equitably tolled under the doctrines of fraudulent concealment and misidentification. We affirm the trial court's judgment.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This suit stems from a surgery performed on Petra by Dr. Geetha Subramanian, M.D. at Baylor Surgicare of Garland on September 27, 2011. As alleged in the Gaonas' live pleading and the affidavit of the Gaonas' son, Robert, complications arose in the middle of the surgery preventing Dr. Subramanian from completing the surgery and requiring Petra be transferred to the "main Baylor building," where she was admitted into the intensive care unit and remained for three days. She continued having difficulties following discharge and had further surgery at Parkland hospital five days later.

On September 24, 2013, the Gaonas sent a letter of intent to file suit to Dr. Subramanian and Baylor Medical Center at Garland ("BMCG"). Two days later, they filed suit. On June 4, 2014, the Gaonas amended their petition to name Garland Surgicare Partners d/b/a Baylor Surgicare as a defendant. They added THVG Garland, Baylor Surgicare's general partner, and United Surgical Partners, of which Baylor Surgicare is an affiliate, as defendants by their second amended petition filed June 16, 2014.

The Garland Surgicare parties moved for traditional summary judgment based on the Gaonas' pleadings asserting the Gaonas filed suit outside the limitations period. They argued the statute of limitations began to run September 27, 2011, when Dr. Subramanian performed the surgery, and expired two years later on September 27, 2013. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2011). However, because the Gaonas gave timely notice of their intent to sue, the limitations period was tolled seventy-five days. *See id.* § 74.051(c). This notice extended the deadline to December 11, 2013, making the amended petitions adding them as defendants six months later untimely.

The Gaonas filed a response to the traditional motion for summary judgment contending the limitations period was tolled because they misidentified the defendants. In support of their

contention, they included affidavits of Robert and their counsel stating the Gaonas thought the facility where the surgery was performed was a "Baylor facility," the facility displayed the "Baylor trademark," and BMCG had stated no additional parties existed in response to the Gaonas' request for disclosure. Further, they attached as an exhibit a "Transfer Agreement" between Baylor Surgicare and BMCG. This document memorialized an agreement with respect to the transfer of patients, if necessary, from Baylor Surgicare to BMCG. The Gaonas asserted their summary judgment evidence raised a fact issue as to whether a business relationship existed between Baylor Surgicare and BMCG such that the Garland Surgicare parties knew they were the intended defendants and were not prejudiced by their late naming as defendants.

In a reply, the Garland Surgicare parties asserted no summary judgment evidence was produced showing they had notice of the suit and, as a result, summary judgment was proper. The trial court granted summary judgment and, subsequently severed the Gaonas' claims against the Garland Surgicare parties from the claims against BMCG and Dr. Subramanian.

## II.    SUMMARY JUDGMENT

The Gaonas' contention on appeal that summary judgment was improper rests on the use of the name "Baylor" by Baylor Surgicare and the denial by BMCG of any other parties. They reurge in their first issue the argument they asserted in response to the summary judgment motion, that they misidentified the defendants. In their second issue, they assert an argument not presented in their response to the summary judgment motion, that Baylor Surgicare fraudulently concealed it was not associated with BMCG.

### A.    *Applicable Law – Limitations*

The purpose of limitations statutes is to ensure plaintiffs assert their claims within a reasonable period of time and defendants have "a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds." *Cont'l S. Lines, Inc. v. Hillard*, 528 S.W.2d

828, 831 (Tex. 1975). Limitations is an affirmative defense and requires the defendant to establish the date the cause of action accrued to show the claim is barred. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Prestige Ford Garland Ltd. P'ship v. Morales*, 336 S.W.3d 833, 836 (Tex. App.—Dallas 2011, no pet.). However, limitations may be tolled under the equitable doctrines of fraudulent concealment and misidentification. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015) (fraudulent concealment); *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 & n.1 (Tex. 2009) (orig. proceeding) (per curiam) (misidentification).

Fraudulent concealment estops a defendant from relying on limitations to bar a plaintiff's claim until the plaintiff learns of the right of action or should have reasonably discovered it. *See Valdez*, 465 S.W.3d at 229-30; *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001). It is an affirmative defense used in medical malpractice cases based on the duty of a physician to disclose a negligent act or fact that an injury occurred. *See Bordelon v. Beck*, 661 S.W.2d 907, 908 (Tex. 1983); *Weaver v. Witt*, 561 S.W.2d 792, 793 (Tex. 1977) (per curiam); *Mayes v. Stewart*, 11 S.W.3d 440, 452 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). To avoid limitations under this doctrine, a plaintiff must establish the defendant (1) knew a wrong occurred; (2) had a fixed purpose to conceal the wrong; and (3) concealed the wrong from the plaintiff. *Shah*, 67 S.W.3d at 841; *Durham v. Children's Med. Ctr. of Dallas*, 488 S.W.3d 485, 496 (Tex. App.—Dallas 2016, no pet. h.).

Misidentification tolls limitations when the plaintiff sues an entity with a name similar to the correct entity, the two entities use a similar trade name, and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake. *Greater Houston Orthopaedic Specialists*, 295 S.W.3d at 325 & n. 1; *Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004) (per curiam). The critical inquiry in misidentification cases is whether the correct

defendant received actual notice of the lawsuit within the limitations period. *Torres v. Johnson*, 91 S.W.3d 905, 908-909 (Tex. App. —Fort Worth 2002, no pet.).

Under the Texas Medical Liability Act (TMLA), a health care liability claim must be brought "within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a). When notice of a claim is given in accordance with the TMLA, the limitations period is tolled for seventy five days following the giving of notice. *See id.* § 74.051 (a),(c).

*B. Applicable Law – Summary Judgment*

An appellate court reviews a trial court's summary judgment de novo. *Travelers Ins. Co v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A traditional summary judgment must show no genuine issue of a material fact exists and, therefore, the moving party is entitled to judgment as a matter of law. *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 831 (Tex. App.—Dallas 2014, no pet.) (citing TEX. R. CIV. P. 166a(c)). In conducting its review, the appellate court considers all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable fact finder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

For a defendant to prevail on a traditional motion for summary judgment, he must either disprove at least one element of the plaintiff's claim as a matter of law, or conclusively establish all elements of an affirmative defense. *See KPMG*, 988 S.W.2d at 748; *Woodhaven Partners*, 422 S.W.3d at 831. If the defendant meets his burden, the burden then shifts to the plaintiff to expressly present any grounds in avoidance of summary judgment and present any summary judgment proof necessary to raise a fact issue. *See City of Houston v. Clear Creek Basin Auth.*,

589 S.W.2d 671, 678 (Tex. 1979); KPMG, 988 S.W. 2d at 748; *Woodhaven Partners*, 422 S.W.3d at 831. With the exception of an attack on the legal sufficiency of the grounds raised by the movant in his summary judgment motion, "issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal." *See* TEX. R. CIV. P. 166a(c); *Clear Creek*, 589 S.W.2d at 678.

### C. Application of Law to Facts

The Gaonas do not dispute the Garland Surgicare parties established the elements of limitations by demonstrating the amended petitions naming the Garland Surgicare parties as defendants were untimely based on the date Dr. Subramanian performed Petra's surgery and the fact that notice of intent to sue was given. *See KPMG*, 988 S.W.2d at 748. Their contention is that they raised a fact issue in avoidance of limitations specifically as to misidentification and fraudulent concealment. *See id.* The Garland Surgicare parties deny any fact issues were raised.

First, we address the Gaonas' second issue which asserts they raised a fact issue that Baylor Surgicare fraudulently concealed it was not associated with BMCG. In arguing this issue, the Gaonas do not contend they expressly presented in their response to the motion for summary judgment fraudulent concealment as a means of thwarting the Garland Surgicare parties' limitations defense. Instead, they contend they asserted in their live pleading fraudulent concealment as an independent cause of action, which the Garland Surgicare parties had to disprove as a matter of law in their motion for summary judgment. Further, the Gaonas contend Robert's affidavit, which was filed with their response to the motion for summary judgment, raised a fact issue as to whether Baylor Surgicare "intentionally misrepresented its association with Baylor." However, because fraudulent concealment is an affirmative defense to limitations, and not an independent cause of action, the Gaonas were required to expressly set forth this

ground in their response to the summary judgment motion. *KPMG*, 988 S.W.2d at 749; *Mayes*, 11 S.W.3d 452. This they failed to do. Accordingly, we decide their second issue against them.

As to their first issue, in reurging their argument that they misidentified the defendants, the Gaonas assert that their summary judgment evidence raising a fact issue as to whether a business relationship existed between Baylor Surgicare and BMCG also raised a fact issue as to whether the Garland Surgicare parties had notice of the suit prior to the amended petitions being filed. However, that a business relationship may have existed between Baylor Surgicare and BMCG does not, without more, establish the Garland Surgicare parties had notice of the suit. BMCG and the Garland Surgicare parties are represented by different counsel, and the Gaonas offered no summary judgment evidence reflecting the parties' respective counsel communicated with one another prior to the filing of the amended petitions. Further, the Gaonas' notice of intent to sue and original petition did not mention the surgery occurred at Baylor Surgicare. Rather, the notice and petition stated that the surgery was "attempted and aborted" by Dr. Subramanian "in the course and scope of his employment with [*BMCG*]." (emphasis added) We conclude the record fails to raise a fact issue that the Garland Surgicare parties had notice of the suit. *See Enserch Corp. v. Parker*, 794 S.W.2d 2, 5-6 (Tex. 1990) (fact issue raised as to whether limitations tolled where misidentified defendant represented by same counsel as named defendant, counsel attended depositions held prior to misidentified defendant being named party, and deposition testimony showed named defendant had been named in other suits where misidentified defendant was targeted party). Because the Gaonas failed to raise a fact issue showing the Garland Surgicare parties had actual notice of the suit, they failed to raise a fact issue as to misidentification. *See Torres*, 91 S.W.3d at 909. The Gaonas' first issue is also decided against them.

## III. CONCLUSION

The Gaonas having failed to raise a fact issue in avoidance of limitations, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

150645F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PETRA GAONA AND JOSE GAONA,
Appellants

No. 05-15-00645-CV  V.

GARLAND SURGICARE PARTNERS,
LTD.  D/B/A BAYLOR SURGICARE AT
GARLAND , THVG GARLAND GP, LLC
AND UNITED SURGICAL PARTNERS
INTERNATIONAL, INC., Appellees

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-15-00901-E.
Opinion delivered by Justice Lang. Justices
Brown and Whitehill participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment.

We **ORDER** appellees Garland Surgicare Partners, Ltd. d/b/a Baylor Surgicare at Garland, THVG Garland GP, LLC, and United Surgical Partners International, Inc. recover their costs of this appeal from appellants Petra Gaona and Jose Gaona.

Judgment entered this 8th day of August, 2016.