Ray Evans EGBERT, Jr. and Mary Ann Egbert, His Wife, Appellants,

v.

Joe CURTIS, d/b/a Curtis Construction Co., Appellee.

Court of Appeals of Kentucky.

Aug. 23, 1985.

Russell K. Johnson, Eddyville, for appellants.

J. Luke Quertermous, Princeton, for appellee.

Before McDONALD, CLAYTON and DUNN, JJ.

## OPINION AFFIRMING AND ORDER

DUNN, Judge.

Princeton Federal Savings and Loan Association sued the appellants, the Egberts, for the balance due on their alleged default of their note and for foreclosure of its mortgage security. The Egberts, as third party plaintiffs, joined the appellee, Joe Curtis, their building contractor, as third party defendant, alleging breach of their building contract and seeking damages as well as the return of funds from their note proceeds paid to Curtis, allegedly prematurely, by the plaintiff Savings and Loan. Curtis pleaded res judicata because of judgment in the small claims division, Caldwell

District Court, against appellant, Ray Egbert, Jr., for $64.30 plus $25.50 costs on his suit on the same contract with Egbert who did not file a counterclaim for his claim advanced here. In the instant case, summary judgment was granted by the trial court to Curtis against appellant, Ray Egbert. It's from this summary judgment this appeal is prosecuted.

The only issue before us is whether or not the Caldwell District Court Small Claims judgment is res judicata as to appellant Ray Egbert's claim against Curtis. We hold that it is and, hence, affirm the trial court.

The doctrine of res judicata is rather well expressed in *Wallace v. Ashland Oil & Transportation Company, Inc.,* Ky., 305 S.W.2d 541, 543 (1957).

> Generally it may be said a plea of res judicata is a bar to a subsequent action where a former judgment has been rendered by a court of competent jurisdiction between the same parties upon the same matter directly involved in the prior suit. 30 Am.Jur. "Judgments" § 161, p. 908. The same text in § 167, p. 912, and § 178, p. 920, says the doctrine of res judicata is based upon estoppel and precludes the relitigation of the same facts and issues. And that text in § 198, p. 939, points out the application of the doctrine is not dependent upon the correctness of the first judgment.

It has a subsidiary rule that a cause of action may not be split and tried piecemeal. Both rest on the foundation that issues which have been once litigated cannot be the subject matter of later action. Both rules are necessary in the administration of justice. *Hays v. Sturgill,* 302 Ky. 31, 193 S.W.2d 648 (1946).

Stated another way the subsidiary rule makes res judicata applicable not only to the issues disposed of in the first action, but to every point which properly belonged to the subject of the litigation in the first action and which in the exercise of reasonable diligence might have been brought forward at the time. *Hays v. Sturgill, supra.*

In the district court action, the action was between the same parties and was upon the same matters included in the appellant Ray Egbert's third party claim. It's true Egbert's claims against Curtis were not considered because Egbert did not file a counterclaim. His failure in this regard because of ignorance is immaterial. Under CR 13.01, the counterclaim was compulsory. Thus it was a point which properly belonged in the earlier litigation and is included as also being res judicata. *See Hays, supra.*

The summary judgment of the Caldwell Circuit Court is AFFIRMED. It should be noted the summary judgment does not apply to Mary Ann Egbert, nor does the Caldwell District Court Judgment. She was not included in either.

Further, pursuant to 2(a) of the Order Designating case as a Special Appeal, the application of CR 76.20 and CR 76.38, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

Counsel for the appellant made a motion to withdraw well in advance of the informational hearing. We communicated to counsel that his motion would be denied and counsel did in fact attend the hearing. The motion is hereby DENIED.

All concur.