Tony W. **ARNOLD, Appellant,**

v.

**K–MART CORPORATION, Appellee.**

No. 86–CA–3025–S.

Court of Appeals of Kentucky.

Jan. 15, 1988.

Motion for Discretionary Review Dismissed March 22, 1988.

Jon Stephen Larson, Lexington, for appellant.

David C. Schwetschenau, Mary Beth Griffith, Lexington, for appellee.

Before GUDGEL, HAYES and HOWARD, JJ.

HOWARD, Judge.

The appellant in this case appeals an order of the Fayette Circuit Court dismissing the complaint against the appellee on the grounds of res judicata.

The appellant, Tony W. Arnold, was employed as an assistant manager for the appellee, K–Mart Corporation. On June 11, 1986, the appellant was discharged from his employment. The next day, the appellant filed a small claims complaint in Fayette District Court in which he alleged that he was unjustly and unfairly terminated from his employment at K–Mart. The appellant claimed that K–Mart owed him salary and benefits exceeding $1,000. On July 15, a default judgment was entered against K–Mart for $882.

On October 7, 1986, the appellant brought this action against K–Mart. The complaint is too lengthy for a full recitation here. Essentially the appellant alleged that his termination by K–Mart was malicious and in violation of various constitutional provisions and portions of the "Civil Rights Act" and "National Labor Law." The appellant further alleged that violations of these provisions occurred during his employment with K–Mart and charged that other K–Mart employees, acting within "the course and scope of their employment," harassed and humiliated him before and after his termination. In addition, he made claims of libel, slander, intentional infliction of emotional distress and breach of contract. The appellant sought compensatory and exemplary damages.

Subsequently, the appellant filed two amended complaints. In the second amended complaint, four persons, or their estates, all present or former employees of K–Mart, were added as defendants. The four were alleged to have made false or misleading statements before, during and after the appellant's termination.

A motion to dismiss on the grounds of res judicata was filed by K–Mart on November 10, 1986. K–Mart asserted that the prior district court judgment dealing with his termination precluded a later suit on essentially the same ground. Following a hearing, the court below dismissed the appellant's claims against K–Mart.

The appellant contends that res judicata does not bar the instant case because the claims made in the district court differ significantly from those at issue before the court below.

In *Hays v. Sturgill*, 302 Ky. 31, 193 S.W.2d 648, 650 (1946), the Court stated:

The rule that issues which have been once litigated cannot be the subject matter of later action is not only salutary but necessary in the administration of justice. The subsidiary rule that one may not split up his cause of action and have it tried piecemeal rests upon the same foundation.... So, as said in *Combs v. Prestonsburg Water Co.*, 260 Ky. 169, 84 S.W.2d 15, 18 'The rule is elementary that, when a matter is in litigation, parties are required to bring forward their whole case; and 'the plea of res judicata applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.'

*See Egbert v. Curtis*, Ky.App., 695 S.W.2d 123 (1985).

However, it is also true that:

The res judicata rule does not mean that the prior judgment is conclusive of matters which were 'not germane to, implied in or essentially connected with the actual issues in the case although they may affect the ultimate rights of the parties and might have been presented in the former action.'

*Id.*

The question in *Hays v. Sturgill, supra,* was whether a prior suit involving the construction of a deed barred a later action in which the deed was claimed to be invalid because of undue influence and mental incapacity of the grantor. The Court reasoned that construction of a deed involves only a determination of the grantor's intent and not of the document's binding force. Thus, the Court concluded that the prior suit was not a bar to second suit regarding the validity of the document.

In *Newman v. Newman*, Ky., 451 S.W.2d 417 (1970), the Court held that a prior suit in which a party was found to have an invalid deed to a tract of land did not bar a later suit based on that party's claim of adverse possession on the same tract. The Court cited the rules in *Hays v. Sturgill,* *supra,* with approval and reasoned that the claim of adverse possession was not germane or essentially connected with the previous action on the validity of the deed.

In *Sedley v. City of Buechel,* Ky., 461 S.W.2d 556 (1970), the holder of certain defaulted revenue bonds brought an action seeking a limited recovery from the issuing city. The city sought a dismissal on the grounds of res judicata due to previous suits in federal court. The trial court dismissed the suit prior to the filing of an answer by the city.

The Court in *Sedley, supra,* held that the dismissal was in error. The Court stated:

The general rule is that a judgment in a former action operates as an estoppel only as to matters which were necessarily involved and determined in the former action, and is not conclusive as to matters which were immaterial or unessential to the determination of the prior action or which were not necessary to uphold the judgment.

*Id.* at 558. The case was reversed and remanded by the Court because it questioned whether the issue of validity of the bonds was material or essential to the holdings in the federal cases.

*Kirchner v. Riherd,* Ky., 702 S.W.2d 33 (1985), is distinguishable from the case at bar. In that case, Riherd, an injured driver in an automobile accident case, filed a suit in small claims court for his property damage and his loss of use. He later filed an action in the circuit court for his personal injuries. The Supreme Court, in a 4–3 decision, held that Riherd's action in the circuit court amounted to the splitting of his cause of action and therefore same was barred. This decision was predicated on the fact that the small claims action was between the same parties and based upon the same subject matter. *Cf. Egbert v. Curtis, supra,* where there was a failure to assert a compulsory counterclaim under CR 13.01 in the small claims court which barred a subsequent action in the circuit court.

In the case at bar, Tony Arnold had no such duty to enumerate all his complaints against K–Mart, including those which would require the jurisdiction of the circuit

court in order to get his back-pay before the small claims court. While the parties were the same, the subject matter was not. To require otherwise would frustrate the purpose of the small claims court and turn it into a trap for the unwary.

The relief sought by the appellant in the small claims complaint was a judgment for the salary and benefits to which he was entitled at the time of his termination. In the court below, the appellant requested damages for violation of various rights resulting from the wrongful termination. In our view, the district court did not have to decide whether or not the termination was wrongful in order to find that K–Mart owed the salary and benefits. The question of the wrongfulness of the appellant's discharge is simply not "material" or "essential" to a determination of whether K–Mart owed a debt to the appellant. There-fore, the instant action is not barred by res judicata.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, is reinstated effective the date of this opinion.

All concur.