RENDERED:  JULY 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0962-MR

KIMBERLY JOHNSON                                                                APPELLANT

v.              APPEAL FROM FLEMING CIRCUIT COURT
HONORABLE STOCKTON B. WOOD, JUDGE
ACTION NO. 20-CI-00049

MEDICAL PROTECTIVE COMPANY;
NATIONAL FIRE & MARINE
INSURANCE COMPANY; AND
BARBRA MCGUIRE                                                                   APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, JONES, AND KRAMER, JUDGES.

GOODWINE, JUDGE:  In a suit stemming from a pending medical malpractice
action, Kimberly Johnson ("Johnson") brought claims against the hospital's and
doctor's insurance companies alleging the insurers acted in bad faith in procuring a
settlement in the medical malpractice case by knowingly failing to disclose a
screenshot of Johnson's biopsy results during discovery.  The circuit court denied

Johnson's motion for relief under CR[1] 60.03 and granted Appellees' motion to dismiss. After careful review of the record and applicable law, finding no error, we affirm.

This case arose out of a medical malpractice action in which Johnson brought claims in the Fleming Circuit Court against the doctors and hospital Johnson alleges failed to adequately and timely diagnosis her with breast cancer.[2] On April 30, 2018, in consideration for $1.25 million,[3] Johnson executed a settlement agreement against Fleming County Hospital District ("Hospital #1") and certain employees, including Barb Hafer. The settlement agreement released Hospital #1, its employees, National Fire and Marine Insurance Company ("NF&M") (Hospital #1's insurer), Medical Protective Company ("MedPro") (NF&M's affiliate, which insured Dr. Amanda Applegate), Family Medicine Associates of Flemingsburg, P.S.C., Family Medicine Associates of Flemingsburg (assumed name corporation of Family Medicine Associates of Flemingsburg, P.S.C), and their employees from any future claims related to NF&M's

---

[1] Kentucky Rules of Civil Procedure.

[2] *Kimberly Johnson v. Dr. Amanda Applegate; Family Medicine Associates of Flemingsburg, P.S.C.; Family Medicine Associates of Flemingsburg (assumed name corporation of Family Medicine Associates of Flemingsburg, P.S.C.); Dr Richard S. Hartman; Dr. Jennifer Hagenschneider; Dr. Charles Clarke; Maysville Radiology Associates, P.S.C.; Fleming Medical Center, LLC d/b/a Fleming County Hospital; Kristal Humphries; and Gena Baker*, No. 16-CI-00139.

[3] This amount was disclosed in Appellant's Brief at p. i.

involvement in and handling of Johnson's claims against Hospital #1 and its employees.[4] The settlement agreement contained an "Assumption of Risk" clause barring Johnson from later pursuing any claims against the released parties that may result from subsequent discovery of facts or information.

During ongoing proceedings in the medical malpractice case, the circuit court entered an order requiring production of all information reviewed by Hospital #1's counsel because counsel claimed certain metadata was no longer available, and it was unclear whether the metadata had been made available during discovery. Unrelated to the metadata, counsel produced a screenshot from software used by Hospital #1, which showed Johnson was scheduled for a biopsy that she was never notified of. This screenshot was not disclosed prior to the execution of the settlement agreement. Counsel claimed the screenshot had not been produced because he could not find anyone to authenticate it, so it did not fit the medical record category.

In response to this disclosure, Johnson filed numerous motions. Pertinent to this appeal, Johnson filed a motion for leave to file a fourth amended

---

[4] The agreement did not release Dr. Amanda Applegate; Family Medicine Associates of Flemingsburg, P.S.C.; Dr. Richard Hartman; Dr. Jennifer Hagenschneider; Dr. Charles Clarke; Maysville Radiology Associates P.S.C.; or Fleming Medical Center d/b/a Fleming County Hospital (Hospital #2 (see footnote 5 below) and its employees.

complaint. Johnson sought to add as defendants NF&M,[5] MedPro,[6] and Healthcare

Underwriters Group, Inc. (insurer of Dr. Hartman; Dr. Hagenschneider; Dr. Clarke;

and Maysville Radiology Associates, P.S.C.). Johnson alleged NF&M, MedPro,

and Healthcare Underwriters Group, Inc. acted in bad faith when they negotiated

the settlement with Johnson even though they were aware of the biopsy screenshot.

Johnson also sought to add claims against all existing and additional defendants for

fraud, fraud in the inducement, and fraud by omission; intentional infliction of

emotional stress; first and third party reckless spoliation of evidence; abuse of

process; obstruction of justice; tortious interference with expectancy; violation of a

"special relationship"; punitive damages; sanctions; causation and damages; and

attorneys' fees.

On December 5, 2019, the circuit court denied Johnson's motion. The

court determined that to proceed against the released defendants, the settlement

agreement would have to be set aside, and Johnson would have to repay the

settlement proceeds. During a hearing on the motion, Johnson's counsel stated she

---

[5] NF&M issued a liability insurance policy and excess insurance policy on behalf of Fleming County Hospital District (Hospital #1), which was in force and effect in December 2014 through July 31, 2015. "Hospital #1 was acquired by Lifepoint of Kentucky, LLC and is currently operating under the name of Fleming Medical Center d/b/a Fleming County Hospital (hereinafter "Hospital #2")." Record ("R.") at 71.

[6] MedPro issued a liability insurance policy on behalf of Dr. Amanda Applegate and Family Medicine Associates of Flemingsburg, P.S.C., and Family Medicine Associates of Flemingsburg (assumed name corporation of Family Medicine Associates of Flemingsburg, P.S.C.). Claims against these Defendants were not resolved. *Id*. at 5-6.

refused to repay the settlement in exchange for setting aside the release. Instead, Johnson wanted to set it aside and keep the money. Because Johnson refused to return the settlement proceeds, the circuit court determined her request to reinstate the released insurers and defendants was moot.

The circuit court found two of Johnson's claims could not go forward. First, the circuit court found Johnson's claim for spoliation is not recognized in Kentucky. Second, Johnson's claim for sanctions was not a proper cause of action in a complaint, but instead was a possible remedy for the court to consider.

As to Johnson's other claims, the circuit court found a discovery violation occurred when Hospital #1's counsel failed to disclose the biopsy screenshot during discovery. The circuit court stated it was troubled by counsel's decision not to turn over the screenshot during discovery. However, because Johnson refused to repay the settlement proceeds, the circuit court declined to determine whether the insurance company should be brought back into the suit to determine whether it was aware of the screenshot at the time the settlement and release were negotiated. Although the circuit court deemed the screenshot discoverable, it found the issue moot, determined the release remained in effect, and denied Johnson's motion to file a fourth amended complaint. Johnson has not

directly appealed this order in the medical malpractice case because it was not made final and appealable.[7]

On March 17, 2020, Johnson filed the underlying independent action against MedPro, NF&M, and their employee Barbra McGuire. The claims against the insurance companies in the new complaint stemmed from the claims in Johnson's proposed amended complaint in the medical malpractice case. Johnson alleged the insurance companies were aware Dr. Applegate and her counsel, Hospital #1 and its counsel, and employees of Fleming Medical Center, LLC d/b/a Fleming County Hospital ("Hospital #2") had secreted the biopsy screenshot when negotiating the settlement agreement. As a result, Johnson brought claims against MedPro, NF&M, and McGuire for bad faith; civil conspiracy; concert of action; joint enterprise; fraud, fraud in the inducement, and fraud by omission; punitive damages; causation and damages; and attorneys' fees. Pending the Appellees' answer to the complaint, Johnson filed an amended complaint, which was identical to the original complaint except Johnson attached her petition for writ of mandamus from No. 2020-CA-0517-OA. *Supra*, footnote 7.

---

[7] Johnson did not appeal the denial of her motion to file a fourth amended complaint. However, she did appeal the denial of her motion for leave to file a third amended complaint in No. 2020-CA-1599-MR, which was dismissed by another panel of this Court on June 7, 2021. Johnson also filed a petition for a writ of mandamus (No. 2020-CA-0517-OA), which included many of the allegations contained in her motion to file a third amended complaint. This Court denied Johnson's petition, and the Supreme Court of Kentucky affirmed on June 17, 2021 (No. 2020-SC-0588-MR).

On May 15, 2020, Appellees moved to dismiss and/or for a judgment on the pleadings and for sanctions for Johnson's filing of the new action. Johnson responded to these motions and moved for relief under CR 60.03.

On July 1, 2020, the circuit court entered an order denying Johnson's motion for relief under CR 60.03, finding Johnson "file[d] this action in an attempt to circumvent the [c]ourt's orders that already addressed these arguments, raised in the 16-CI-00139 action." R. at 570. The same day, the circuit court entered an order granting Appellees' motion to dismiss. The court found Johnson's "complaint [was] a repetitive argument that [had] been argued and briefed extensively" in the medical malpractice action. R. at 572. The court further found Johnson "filed a complaint in this case to address matters that have been ruled on by this [c]ourt in the prior (and ongoing) [medical malpractice] case. The matters are not actionable by filing a new case." R. at 573. In accordance with its order in the malpractice case denying Johnson's motion to file a fourth amended complaint, the circuit court concluded Johnson's claims in her new complaint were barred by the settlement and release agreement. This appeal followed.

On appeal, Johnson argues the circuit court erred in denying her relief under CR 60.03 and in dismissing her complaint because: (1) she sufficiently pled her complaint to withstand a CR 12.03 motion; (2) Kentucky law allows her to keep the settlement proceeds and pursue her bad faith claims; (3) the terms of the

settlement and release agreement do not bar her claims in this separate action; (4) she sufficiently pled her causes of action; and (5) her claims have been properly "notice pled" under CR 8.01(1).

Before reaching the merits of Johnson's arguments, we must address a significant deficiency in her brief. "There are rules and guidelines for filing appellate briefs. Appellants must follow these rules and guidelines, or risk their brief being stricken, and appeal dismissed, by the appellate court." *Koester v. Koester*, 569 S.W.3d 412, 413 (Ky. App. 2019) (citing CR 76.12). Johnson's brief fails to make "reference to the record showing whether the issue was properly preserved for review and, if so, in what manner" as required by CR 76.12(4)(c)(v).[8] Because Johnson's arguments fail on the merits, we elect to ignore the deficiency and proceed with our review.

First, we address the circuit court's denial of Johnson's motion for relief under CR 60.03, which we review for abuse of discretion. *Rogers Group, Inc. v. Masterson*, 175 S.W.3d 630, 636 (Ky. App. 2005). Johnson makes no

---

[8] While Johnson's brief contains citations to the record, an appellant's brief must also "contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR 76.12(4)(c)(v). "A brief may be stricken for failure to comply with any substantial requirement" of the appellant rules for briefing. CR 76.12(8). In this case, we have elected not to strike Johnson's brief because we have been able to conduct a meaningful review from the citations to the record. However, counsel is reminded that "[i]t is not the function or responsibility of this [C]ourt to scour the record on appeal to ensure that an issue has been preserved." *Koester*, 569 S.W.3d at 415. Other panels may not exercise such leniency should counsel fail to follow the briefing requirements in future appeals.

argument in her briefs regarding her request for relief under CR 60.03. However, because she appealed the order by attaching it to her notice of appeal and appellant's brief, and the insurers address it in their brief, we will address the circuit court's order denying Johnson relief under CR 60.03.

CR 60.03 provides:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

The purpose of this rule is to provide an "equitable form of relief when no other avenue exists." *Meece v. Commonwealth*, 529 S.W.3d 281, 295 (Ky. 2017) (citing *Bowling v. Commonwealth*, 163 S.W.3d 361, 365 (Ky. 2005)). To be granted relief under this rule, the claimant must show the following:

> (1) show that they have no other available or adequate remedy; (2) demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground . . . for the equitable relief." *Id.* (quoting *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2nd Cir. 1997) (emphasis removed)). If an adequate remedy was available in the original proceedings, CR 60.03 does not provide grounds for equitable relief. *Bowling*, 163 S.W.3d at 365 (internal citations omitted).

*Id.* at 295-96.

Below, Johnson sought relief under CR 60.03 from any order in the medical malpractice action (No. 16-CI-00139), including but not limited to, the circuit court's order denying her motion file a fourth amended complaint. Under *Meece*, Johnson has an adequate remedy available in the original proceedings. She can appeal the circuit court's denial of her motion to file a fourth amended complaint or any other adverse ruling if she chooses to file a direct appeal in the underlying medical malpractice action. Thus, the circuit court did not err in denying Johnson's motion for relief under CR 60.03.

Next, we address Johnson's arguments regarding the circuit court's order granting the insurers' motion to dismiss, which we review *de novo*. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). In its order granting the insurers' motion to dismiss, the circuit court found Johnson sought to "address matters that have been ruled on by this [c]ourt, in the prior (and ongoing) case. The matters are not actionable by filing a new case. [Johnson's] claims are barred per the Settlement and Release Agreement entered into on April 30, 2018." R. at 573.

Although not raised by the parties,[9] the rule against splitting causes of action applies to Johnson's complaint in this case. The rule against claim splitting

---

[9] "If an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds." *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014) (citing *Fischer v. Fischer*, 197 S.W.3d 98, 103 (Ky. 2006)).

-10-

is closely related to claim preclusion. *Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 371 (Ky. 2010). "The rule, 'found in *Restatement (Second) of Judgments*, §§ 24 and 26, is an equitable rule, limiting all causes of action arising out of a single "transaction" to a single procedure.'" *Id*. (quoting *Capital Holding Corp. v. Bailey*, 873 S.W.2d 187, 193 (Ky. 1994)). The purpose of the rule is to require parties to "'bring forward their whole case' and [] not try it piecemeal." *Id*. (quoting *Arnold v. K-Mart Corp.*, 747 S.W.2d 130, 132 (Ky. App. 1988)). Thus, the rule against claim splitting "applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Id*. (quoting *Arnold*, 747 S.W.2d at 132 (Ky. App. 1988)). Our key inquiry is "whether they both arise from the same transactional nucleus of facts." *Id*. (quoting *Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998)).

However, the rule against claim splitting is subject to several exceptions. Pertinent to this case, the rule "does not apply to claims that have not yet accrued[,]" so application of the rule "is limited to 'claims in existence at the time the original complaint is filed or claims *actually* asserted by supplemental

pleadings or otherwise in the earlier action.'" *Coomer*, 319 S.W.3d at 373 (quoting *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992)).

Here, the claims in both the medical malpractice case and the instant action arise from the same transactional nucleus of facts and are claims actually asserted in supplemental pleadings. In the medical malpractice case, Johnson asserted claims against the insurers in the proposed fourth amended complaint for their alleged involvement in concealing the biopsy screenshot. In the instant action, Johnson asserted claims against the same insurers for the same alleged conduct. Although Johnson's claims regarding concealment of the biopsy screenshot accrued after the filing of the original complaint, the claims in the instant action arose during the pendency of the medical malpractice case. *See Moorhead v. Dodd*, 265 S.W.3d 201, 204 (Ky. 2008). Furthermore, the claims for bad faith and fraud in the proposed fourth amended complaint in the medical malpractice case are nearly identical to the same claims in the instant action. Claims in the instant action that are not identical to the claims in the proposed fourth amended complaint in the medical malpractice case should have been raised in the medical malpractice case because they arose from the conduct complained of in the proposed fourth amended complaint. Thus, the circuit court did not err in granting the insurers' motion to dismiss.

-12-

For the foregoing reasons, we affirm the judgment of the Fleming Circuit Court.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Dale M. Golden
Kellie M. Collins
Laraclay Parker
Lexington, Kentucky

ORAL ARGUMENT:

Dale M. Golden

BRIEF FOR APPELLEES:

Mindy G. Barfield
Kyle R. Bunnell
Lexington, Kentucky

ORAL ARGUMENT:

Mindy G. Barfield