RENDERED:  JUNE 28, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1396-MR

TIMOTHY ROLLIN                                                          APPELLANT

v.
APPEAL FROM BOYLE CIRCUIT COURT
HONORABLE JEFFREY DOTSON, JUDGE
ACTION NO. 23-CI-00192

KERRY HARVEY, SECRETARY,
KENTUCKY JUSTICE & PUBLIC                                APPELLEE
SAFETY CABINET

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, GOODWINE, AND KAREM, JUDGES.

CETRULO, JUDGE:  Appellant Timothy Rollin ("Rollin"), *pro se*, appeals the

order of the Boyle Circuit Court dismissing his petition for declaration of rights.

After review, we affirm.

# I. BACKGROUND

In July 2004, Rollin pled guilty in the Logan Circuit Court to first-degree sexual abuse, Kentucky Revised Statute ("KRS") 510.110. He was sentenced to three years of imprisonment and required to register as a sex offender for ten years following release from custody. *See* KRS 17.510. That registration, Rollin thought, would expire on October 19, 2019. Eleven years later, in 2015, Rollin was convicted of distribution of obscene matter, KRS 531.020, in Larue Circuit Court ("2015 conviction").

Just as he was ready to be terminated from the registry, Rollin received a letter from the Kentucky Department of Corrections ("KDOC") in 2019. The KDOC informed Rollin that his 2015 conviction required him to register for an additional 20 years following release from custody. Rollin now expects his registration to last until 2037.

On January 2, 2020, Rollin filed a 42 United States Code ("U.S.C.") § 1983 prisoner's civil rights complaint in federal court. *Rollin v. Off. of Comm'r/Dep't of Corr.*, 606 F. Supp. 3d 527, 528 (W.D. Ky. 2022). In that case, Rollin sued the Kentucky State Police, the Kentucky Justice and Public Safety Cabinet, and the KDOC Commissioner ("Commissioner"). *Id.* He alleged that the defendants wrongfully required him to register as a sex offender for an additional 20 years for his 2015 conviction. *See id.* at 528-29.

According to the complaint, Rollin's registration was erroneous because his 2015 conviction did not involve a minor and the Larue Circuit Court sentencing order did not include a 20-year registration requirement.[1] *Id.* at 529. Rollin also claimed that his extended registration violated the Cruel and Unusual Punishment Clause under the Eighth Amendment of the United States Constitution and caused defamation to his character. *Rollin v. Off. of Comm'r/Dep't of Corr.*, No. 22-5519, 2023 WL 4112081, at *1 (6th Cir. Feb. 27, 2023). In his prayer for relief, Rollin requested an injunction, along with compensatory and punitive damages. *Id.*

The United States District Court, Western District of Kentucky, upon its initial screening under 28 U.S.C. § 1915A, dismissed all of Rollin's claims against the Kentucky Justice and Public Safety Cabinet and the Kentucky State Police on sovereign immunity grounds. *See Rollin*, 606 F. Supp. 3d at 528; U.S. CONST. amend. XI. It also dismissed Rollin's claims against the Commissioner for monetary damages, leaving only his claim for injunctive relief. *Id.*

---

[1] These arguments are rooted in two statutes: KRS 531.020 and KRS 17.520(6). Rollin pled guilty to KRS 531.020 – distribution of obscene matter. This conviction, he claims, does not involve a minor because it is separate from KRS 531.030, which is distribution of obscene matter to minors. Rollin also believes his 20-year registration is unenforceable because it was not designated in the Larue Circuit Court's judgment pursuant to KRS 17.520(6).

The Commissioner then moved for summary judgment, which the federal district court granted.[2] *Id.* at 539. That court held that Rollin's 2015 conviction involved a minor and his 20-year registration remains valid, even though the Larue Circuit Court never designated it in its judgment. *Id.* at 533-39.

> The district court granted the Commissioner's motion. Noting that Rollin did not file a response to the Commissioner's summary judgment motion, the court found that it was undisputed that Rollin sent the photographs and text messages "believ[ing] that he was messaging, at first, a twelve-year-old child and then an eleven-year-old child and that the messages included obscene material, *i.e.*, photographs of Rollin's genitalia." As a matter of law, the court concluded that Rollin's communication with an adult who was posing as a minor qualified as an offense involving a minor under Kentucky Revised Statutes § 17.500(3)(a)(11), and thus he was required to register as a sex offender for his 2015 conviction. The court rejected Rollin's argument that he should not be required to register as a sex offender because the judgment did not mention a registry requirement, explaining that the sentencing court's failure to include the registration requirement in the judgment "does not negate his statutory requirement to register as a sex offender."

*Rollin v. Off. of Comm'r/Dep't of Corr.*, 2023 WL 4112081, at *2 (quoting *Rollin*, 606 F. Supp. 3d at 536, 539). The United States Court of Appeals for the Sixth Circuit affirmed on similar grounds. *See id*. at *3.

---

[2] To clarify, both Rollin and the Commissioner moved for summary judgment. The federal district court, however, only granted the Commissioner's motion. *Rollin v. Off. of Comm'r/Dep't of Corr.*, 606 F. Supp. 3d at 530.

On June 7, 2023, Rollin filed this petition for declaration of rights in Boyle Circuit Court. Like his federal case, Rollin sought an injunction barring the Kentucky State Police from requiring him to register as a sex offender until 2037. Once again, he asserted that his 20-year registration was improper for the same reasons mentioned in his federal case. Rollin, however, chose a different party to sue: Secretary Kerry Harvey of the Kentucky Justice and Public Safety Cabinet ("Secretary"). The Secretary moved to dismiss the petition under Kentucky Rule of Civil Procedure ("CR") 12.02(f), arguing that the doctrine of *res judicata* precludes Rollin's claims. Also, if *res judicata* is inapplicable, the Secretary asked the Boyle Circuit Court to adopt the federal district court's reasoning in Rollin's federal suit. The circuit court granted the Secretary's motion to dismiss. This appeal followed.

## II. STANDARD OF REVIEW

"We review dismissals under CR 12.02(f) *de novo*." *Shaw v. Handy*, 588 S.W.3d 459, 461 (Ky. App. 2019) (citing *Morgan & Pottinger, Att'ys, P.S.C. v. Botts*, 348 S.W.3d 599, 601 (Ky. 2011)). CR 12.02(f) allows circuit courts to render a judgment in favor of the defendant if the petitioner "fails to state a claim upon which relief can be granted[.]" CR 12.02(f). Whether a petitioner pleaded a claim sufficient to survive a CR.12.02 motion to dismiss is a question of law. *Campbell v. Ballard*, 559 S.W.3d 869, 870 (Ky. App. 2018). Because this is purely

a legal question, we review the judgment *de novo* "without deference to the interpretation afforded by the circuit court." *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998).

The purpose behind a CR 12.02(f) motion is to test the sufficiency of the petition. *See Pike v. George*, 434 S.W.2d 626, 627 (Ky. App. 1968). Therefore, we – like the circuit court – "must accept as true the [petitioner's] factual allegations and draw all reasonable inferences in [his] favor." *Hardin v. Jefferson Cnty. Bd. of Educ.*, 558 S.W.3d 1, 5 (Ky. App. 2018) (citing *Pike*, 434 S.W.2d at 627). In other words, "the pleadings should be liberally construed in a light most favorable to the" petitioner. *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987) (citing *Ewell v. Central City*, 340 S.W.2d 479, 480 (Ky. 1960)). We may also affirm the circuit court's decision on any basis supported by the record. *Commonwealth Nat. Res. & Env't Prot. Cabinet v. Neace*, 14 S.W.3d 15, 20 (Ky. 2000) (citation omitted) ("An appellate court may affirm a trial court under an alternate theory not relied upon by the trial court.").

### III. ANALYSIS

On appeal, Rollin again challenges the validity of his sex offender registry requirement. He, in particular, argues that the circuit court erred in dismissing his action because his 2015 conviction did not involve a minor and because the Larue Circuit Court did not include the registration requirement in its

sentencing order. For those reasons, Rollin believes his sex offender registration violates his constitutional rights, including the right to be free from cruel and unusual punishment and due process rights. He also insists that the Secretary violated the Separation of Powers doctrine under §§ 27 and 28 of the Kentucky Constitution. We conclude that *res judicata* bars Rollin's claims because his federal action previously adjudicated all of these matters.[3]

Res judicata* is Latin for "a matter adjudged" and serves as an "affirmative defense which operates to bar repetitious suits involving the same cause of action." *Yeoman v. Commonwealth, Health Pol'y Bd.*, 983 S.W.2d 459, 464 (Ky. 1998). It relies "upon the concept that parties are required to bring forward their whole case and may not try it piecemeal." *Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 371 (Ky. 2010) (quoting *Arnold v. K-Mart, Corp.*, 747 S.W.2d 130, 132 (Ky. App. 1988) (internal quotation marks omitted)). Sometimes referred to as an "umbrella doctrine," *res judicata* encompasses both claim and issue preclusion. *Miller v. Admin. Off. of Cts.*, 361 S.W.3d 867, 871 (Ky. 2011) (citing *Yeoman*, 983 S.W.2d at 464-65).

---

[3] Rollins also seemingly attempts to argue on appeal an ineffective assistance of counsel claim, alleging that his guilty plea in Larue County was invalid because he was not advised of the requirement to register as a sex offender before his plea. We do not address that as it is not properly before us and was not raised in the petitions below.

"Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action." *Yeoman*, 983 S.W.2d at 465. By contrast, "[i]ssue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action." *Id.* Because only one party – Rollin – is identical to the federal action, we need only address issue preclusion under these circumstances.

Unlike claim preclusion, issue preclusion applies even if the parties are not "identical in each action." *Miller*, 361 S.W.3d at 872. As such, a party may prevent the litigation of the same issues even though they were not involved in the first lawsuit. *Id.* at 872 (citing *Yeoman*, 983 S.W.2d at 465). Thus, this defense is available when the issue is (1) identical in the first and second cases, (2) actually litigated, (3) decided in the first case, and (4) necessary to the court's judgment. *Id.* (quoting *Yeoman*, 983 S.W.2d at 465).

Issue preclusion begins with "compar[ing] . . . two adjudications to determine if they involve the same controversy." *Chesley v. Abbott*, 524 S.W.3d 471, 483 (Ky. App. 2017). Cases concern the same controversy when "they both arise from the same transactional nucleus of facts." *Yeoman*, 983 S.W.2d at 465. If so, "then the previous suit is deemed to have adjudicated every matter which *was* or *could have been brought* in support of the cause of action." *Id.* (emphasis added).

Applying these elements, we find that issue preclusion bars Rollin's claims against the Secretary. To begin, the issues in this action are identical to his federal action. In both actions, Rollin contested his sex offender registry requirement due to a minor not being involved in the 2015 conviction and due to the Larue Circuit Court not including his registration requirement on the sentencing order. Therefore, all issues that arise from this nucleus of facts were fully adjudicated in the federal action.

Next, the federal action was actually litigated, decided, and affirmed. Rollin filed a civil rights complaint in federal court, raising issues related to his 20-year registration. He litigated such issues until summary judgment and exercised his right to appellate review. The federal district court decided those issues when it granted summary judgment against Rollin, and the United States Court of Appeals for the Sixth Circuit affirmed.

Likewise, the federal district court decided Rollin's issues on the merits. In its order granting summary judgment, the federal district court provided in-depth legal analyses of the issues. It decided that "Rollin's communication with an adult who was posing as a minor qualified as an offense involving a minor" and it ruled that the Larue Circuit Court's "failure to include the registration requirement in the judgment 'does not negate his statutory requirement to register as a sex offender.'" *Rollin v. Off. of Comm'r/Dep't of Corr.*, 2023 WL 4112081, at

-9-

*2 (quoting *Rollin*, 606 F. Supp. 3d at 536, 539).  Those rulings were consistent with Kentucky state court precedent.  Furthermore, those rulings also addressed Rollin's claims of a violation of the Eighth Amendment.  As the United States District Court said, relying on Kentucky law:

> Rollin asserted that the imposition of a 20-year registry requirement amounted to cruel and unusual punishment in violation of the Eighth Amendment.  This, however, is not a facially plausible claim.  A requirement to register as a sex offender does not constitute punishment and therefore does not implicate the Eighth Amendment.  *See Hyatt v. Commonwealth*, 72 S.W.3d 566, 573 (Ky. 2002); *Cutshall v. Sundquist*, 193 F.3d 466, 477 (6th Cir. 1999).

*Id.*

Finally, the issues surrounding Rollin's sex offender registration were necessary to the federal district court's judgment.  Before granting summary judgment, the federal district court must find that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.[4] 56(a).  The federal district court then must "state on the record the reasons for granting or denying the motion."  *Id.*  Here, the federal district court assessed Rollin's issues and explained its reasoning for granting summary judgment against him in a 19-page memorandum. Such issues were therefore necessary to reach its judgment.  With all issue preclusion elements satisfied, the

---

[4] Federal Rules of Civil Procedure.

-10-

Boyle Circuit Court did not err in dismissing Rollin's petition for declaration of rights.

## IV. CONCLUSION

In light of the foregoing, we AFFIRM the Boyle Circuit Court Order dismissing Rollin's petition for declaration of rights.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Timothy Rollin, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Brenn O. Combs
Frankfort, Kentucky